United States District Court For The
Southern District OF Illinois

Keith Allen - M21130,

　　　　　　Plaintiff,

V.

Wexford Health Sources, Inc., et al.

　　　　　Defendants.

Case Number: 23-3775-DWD

Judge Name: David W. Dugan

SCANNED at MENARD and E-mailed
11/13/25 by [signature] 137 pages
Date    Initials    No.

"Motion For Appointment OF Counsel" - 2025

　　Plaintiff, Keith Allen - M21830, pursuant to section 1915, requests this court to appoint counsel to represent him in this case for the following reasons.

　　1.) The plaintiff is unable to afford counsel.

　　2.) The issues involved in this case are complex.

　　3.) The plaintiff is housed in a form of Restrictive Housing similar to segregation, which has extremely limited access to the law library.

　　4.) Plaintiff has written several different lawyers in attempt to seek counsel but was unable to secure counsel from the following law firms: "Sidley Austin LLP", "Equip For Equality", "Hale & Monico", "Samuels & Associates", "Tribler Orpett & Meyer P.C.", "Uptown People's Law Center", "Loevy & Loevy", "Jenner & Block LLP", "Gregory E. Kulis And Associates, LTD.", "Land OF Lincoln - Legal Aid -", "Thompson Coburn LLP", "Chicago Lawyers' Committee for Civil Rights", "& See Attached Exhibts: Ex. # 114, Ex. # 115, Ex. # B, Ex. # C, Ex. # D, Ex. # E, Ex. # F, Ex. # G, Ex. # 8, Ex. # H, Ex. # I, Ex. # 99, Ex. # 100, Ex. # 101, Ex. # 102, Ex. # ).

　　5.) The plaintiff has a limited knowledge of the law.

　　Wherefore, this Honorable Court should appoint counsel to represent the plaintiff.

Date: 11/9/25

Name and Address: Keith Allen - M121830
　　　　　　　　　Menard Correctional Center
　　　　　　　　　P.O. Box 1000
　　　　　　　　　Menard, IL. 62259

(1.) of (6)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_Alen, Keith_
Name

_M21830_
ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.    Is this a new civil rights complaint or habeas corpus petition?          Yes or (No)

        If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.    Is this an Amended Complaint or an Amended Habeas Petition?      Yes or (No)

            If yes, please list case number:  _____

            If yes, but you do not know the case number mark here:  _____

3.    Should this document be filed in a pending case?          (Yes) or No

            If yes, please list case number:  _23-CV-3775-DWD_

            If yes, but you do not know the case number mark here:  _____

4.    Please list the total number of pages being transmitted:          _137_

5.    If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

Name of Document                                            Number of Pages

_____Motion_____                        _____137_____

_____                        _____

_____                        _____

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.

United States District Court For The
Southern District OF Illinois

Keith Allen - M21830,

                    Plaintiff,

V.

Wexford Health Sources, Inc., et al.                    Case Number: 23-cv-3775-DWD
                    Defendants.                         Judge Name: David W. Dugan

"Declaration In Support OF Plaintiff's Motion For The Appointment OF Counsel"

Keith Allen-M21830 states:

1.) I am the plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

2.) The complaint in this case alleges that the plaintiff was subjected to the denial of adequate medical care for a broken hand, denied and delayed access to see a physician in a timely manner, exacerbating his injury and causing irreparable damage, among other injuries, despite the filing of multiple requests to be relieved of his pain and suffering. Plaintiff was denied adequate medical care for approximately 19 months by Menard Correctional staff medical providers and the Warden for the administration.

3.) This is a complex because it contains several different legal claims, which each claim involving a different set of defendants.

4.) The case involves medical issues that may require expert testimony.

5.) The plaintiff has demanded a jury trial.

6.) The case will require discovery of documents and depositions of a number of witnesses.

7.) The testimony will be in sharp conflict, since the plaintiff alleges that defendants disregarded his serious medical needs, and provided knowingly inadequate courses of treatment, misdiagnosed plaintiff among other forms of misconduct, with staff lying in medical reports.

8.) The plaintiff has no legal education.

(1.) of (2.)

9.) Menard C.C. is constantly on lock downs and law library access be cancelled at most times for reasons beyond my control.

10.) As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merits of plaintiffs claims, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for appointment of counsel should be granted. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this _9_ day of _November_, 2025.

Keith Allen - M21830
Keith Allen - M.21830
Menard Correctional Center
P.O. Box 1000
Menard, IL. 62259

United States District Court For The
Southern District Of Illinois

Keith Allen - M21830,
                    Plaintiff,

V.                                              Case Number: 23-cv-3775-DWD

Wexford Health Sources, Inc., et al.           Judge Name: David W. Dugan
                    Defendants.

"Memorandum OF Law In Support OF Plaintiff's Motion For The Appointment OF Counsel"

## "Statement OF The Case"

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional denial of adequate medical care for a broken hand, denial and delay of access to adequate medical treatment, examination by Orthopaedic Hand Specialist, misdiagnosis, falsified medical reports, medical malpractice claims, deliberate indifference to serious medical needs claims on multiple defendants, and intentional infliction of emotional distress claims against 5 different defendants, both United States Constitutional violations of the Eighth Amendment and two different state tort claims consisting of 4 Medical Malpractice claims and Intentional Infliction of Emotional Distress claims. Plaintiff seeks damages as to all claims, a declaration, and an injunction to ensure proper medical care in the future and to correct unlawful Wexford Health Sources, Inc., medical policies that are causing inmates serious injuries, irreparable damage, unnecessary pain and suffering, permanent damage and deformity, and even deaths of inmates under their care. (see Declaration paragraphs, 2, 7, 4, 1.)

## "Statement OF Facts"

The complaint alleges that plaintiff suffered a severe hand injury in the form of a broken right hand he sustained in a fight in self defense with another inmate, and sought medical care to repair damage and relieve him of his severe pain and suffering, but was denied and delayed

(1.) of (10.)

— treatment, and was given inadequate courses of treatment knowingly and maliciously, causing him extreme pain and suffering, worsening his injury for an approximately 19 month period and denying him corrective bone repair surgery causing him permanent deformity and lack of functional ability. Plaintiff was given ineffective courses of medical treatment aimed at prolonging his pain and to save money due to Wexford's unconstitutional policies and practices, nor was follow-up care conducted in a timely manner.

## ("Argument")

### ("The Court Should Appoint Counsel For The Plaintiff")

In deciding whether to appoint counsel for an indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1.) (The Severity Of Plaintiff's Medical Condition) — Plaintiff suffered a severe right hand injury of a broken hand which resulted into him also being subjected to the following injuries: including the unnecessary and wanton infliction of pain, unnecessary prolonged suffering, extreme discomfort, irreparable damage, permanent disfiguration and deformity, severe swelling, purple discoloration on hand, unable to make a fist, loss of range of motion, sharp stabbing pains and throbbing and burning sensations in his right hand, wrist, arm, numbness of hand, loss of feeling and weakness in right hand, pinching pains in wrist, soreness of bones in right hand, severe hand cramps, loss of sleep, migraines, headaches, extreme mental anguish, severe depression, the infliction of emotional distress, being unable to enjoy regular activities, stemming from the injury of the fractured bone, plaintiff's right hand that after breaking healed improperly with the bone being infused together with no protective coating over the bone, the bone marrow being gone from inside it, with the fractured

(2.) of (10.)

– bare bones rubbing against each other and denied surgery to repair it so it can heal properly, then also Arthritis bone joint pains, and Carpal Tunnel Syndrome Nerve damage pain with the improperly sealed bone encroaching over Carpal bones, causing more pain; which plaintiff endured for approximately 6 months before being seen by the Orthopaedic Hand Specialist for an evaluation and proper diagnosis of his injury due to multiple delays and denials caused by various medical staff nurses and medical doctor – Radiologists misdiagnosis of his right hand injury, and then being deliberate and intentionally indifferent to plaintiff's serious medical needs; which contributed to a 19 month delay from the day of sustaining his fractured right hand injury on 8/16/21 until receiving any meaningful medical treatment in the form of surgery on 3/3/23, and being prescribed several forms of ineffective courses of treatment in being given different pain medications, hand splints, physical therapy as a result. (See Exhibit #'s; Exhibit #130 – Exhibit #164; see also Exhibits #; Ex. #2, Ex. #11, Ex. #12, Ex. #13, Ex. #14, Ex. #15, Ex. #16, Ex. #17, Ex. #18, Ex. #19, Ex. #30, Ex. #21, Ex. #22, Ex. #27, Ex. #29, Ex. #31, Ex. #33, Ex. #34, Ex. #35, Ex. #37, Ex. #38, Ex. #39, Ex. #41, Ex. #(Some Exhibits Attached)) Farmer, 511 U.S. at 832, 114 S.Ct. 1970 ("When deciding whether to recruit counsel, we encourage district courts in future cases to also consider the severity of the medical condition that the inmate has alleged; where an inmate suffers a serious medical condition, it could be a red flag that prison officials may have failed to "take reasonable measures to guarantee the safety" of that inmate.").

a.) (Factual Complexity) – Petitioner's claims are factually complex in many ways which requires the need for counsel in that, plaintiff alleges that several medical staff personnel, grievance personnel and supervisor officials denied him adequate medical care to his serious medical needs, denied and delayed access to an Orthopaedic Hand Specialist for examination, proper diagnosis, and treatment in a timely fashion, medical staff falsified incident reports, medical observations and reports, and diagnosis, and violated various policies, regulations, medical protocols, and state and constitutional law. Plaintiff has claims against multiple staff, policy claims, state tort medical malpractice claims and intentional infliction of emotional distress claims for extended periods of time. (See Plaintiff's certified Filed Complaint and The Judge's Memorandum and Order – Document #, filed 1/30/24).

(3.) of (10.)

The difficulties of plaintiff's case - factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself, consisting of 8 different defendants, five of them being medical personnel, nurses and medical doctor - Radiologists, complex medical deliberate indifferent claims, 4 medical malpractice state tort claims, and 8 Intentional Inflicted of emotional distress claims, which will require expert testimony to determine violations of complex medical policies and standards, and a Health Care Provider's unconstitutional policy claims, with plaintiff having no training or experience in litigating medical claims of such a nature and magnitude, requiring difficulty in obtaining sensitive medical records in discovery, the need to conduct depositions on multiple defendants, the fact that plaintiff is incarcerated and unable to investigate and discover relevant facts, his reliance on the help from jailhouse lawyers, and whether plaintiff will be capable of putting a stop to discovery abuses. (See Plaintiff's Verified Complaint and The Judge's Memorandum And Order - Document 11, filed 1/26/24). See, e.g., Henderson v. Ghosh, 755 F. 3d 599, No. 13-2035, 2014 U.S. App. LEXIS 11816, 2014 WL 2757473, at *4 (7th Cir. June 18, 2014) ("finding court erred by not considering substantive issue, namely appellant's personal capabilities, that was raised in recruitment motion"); Bracey v. Grondin, 712 F.3d 1012, 1017 (7th Cir. 2013) ("Complexities anticipated (or arising) during discovery can justify a court's decision to recruit counsel."); See also Henderson, 755 F.3d at 566, 2014 WL 2757473 at *7 ("finding prejudiced where plaintiff 'was incapable of obtaining the witnesses he needed and evidence to prevail on his claims."); Santiago v. Walls, 599 F.3d 749, 765 (7th Cir. 20 "casting prejudice when plaintiff 'was incapable of engaging in any investigation or locating and presenting key witnesses or evidence."); See ("Taking deposition, conducting witness examinations, applying the rules of evidence, making opening statements are beyond the ability of most pro'se litigants to successfully carry out"). See Santiago, 599 F.3d at 763-64; Henderson, 755 F.3d at 567.

In addition, one of the plaintiff's claims involves the denial of medical care; being given ineffective courses of treatment prolonging his pain and suffering to save money; it will be necessary to medical expert witness and the need to cross-examine medical witnesses called by [him]; and the presence of medical or other issues requiring expert testimony supports th

(4.) of (10.)

— appointment of counsel. Jackson v. County of McLean, 953 F.2d 127, 1073 (7th Cir. 1992), ("These tasks are even more challenging in cases, like Perez's, where complex medical evidence (including expert testimony) is needed to assess the adequacy of the treatment received.") See e.g. Greeno, 414 F.3d at 658; Santiago, 599 F.3d at 761.

3.) (The Plaintiff's Ability To Investigate) — Plaintiff is locked up at Menard Correctional Center on 24 hour lockdown confined in a cell with a cell-mate majority of the days with no movement, with frequent lockdowns for fights, and law library is often cancelled due to shortages of staff and lockdowns, and I have no ability to investigate facts due to various time constraints and limitations. For example, I'm unable to identify and locate, and interview the inmates I were celled with throughout the 19 months I suffered the ongoing denials of adequate medical care, whom have been transferred or are on different locations in other cell houses, which I have no access to. Plaintiff is in the same situation with regard to developing the facts as an inmate who has transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 288, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988); Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013) ("Noting judge should have considered plaintiff's 'limited education, mental illness, language difficulties, and lack of access to fellow prisoners or other resources for assistance after his transfer from Stateville").

Plaintiff will also need counsel to help him identify the connection between Defendants N. Florence and N. Yousuf, Medical Doctors — Radiologists, to determine if they are employees of the State or of Wexford (the State's medical contractor for prison healthcare) who both misdiagnosed plaintiff's fractured right hand which documents of medical reports states they're employees of "One Radiology in Normal, Illinois, who Wexford were unable to locate or identify to effectuate service of complaint as seen in exhibits attached to plaintiff's complaint.— See e.g., Doc. 1-1 at 29 (Dr. Florence's radiology report); Doc. 1-1 at 32 (Dr. Yousuf's ___logy Report), see Exhibit #"A", Exhibit #"H", Exhibit #14, Ex.#16, Ex.#18, Ex.#21) and see "Judge's

(5.) of (10)

— Memorandum And Order — Doc. 11, filed 1/26/24). These two Radiologist were sent x-ray films to review of plaintiff's fractured right hand injury by Menard Correctional Center Nurses on several different occasions, and it's not clear whether they're state actors who are hired by the state or Wexford Health Sources, Inc., which the viability of plaintiff's claims of deliberate Indifference to his serious medical needs, medical malpractice, and intentional infliction of emotional distress state torts will rely on. See Exhibits "14, "16, #18, #19, #21, # ). See Shields v. Illinois Dept. Of Corrections, 746 F.3d 782, 797-98 (7th Cir. 2014)(" whether a medical provider is a state actor is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner.") This is true because section 1983 liability is only proper against those who are "state actors," and not all private doctors that provide care to inmates are considered "state actors." Rackemann v. Robinson, 2019 WL 4737194 at * 2-3 (S.D. Ind. Sept. 27, 2019)(granting summary judgment in favor of a doctor because he was not a 'state actor' for purposes of section 1983 where he only occasionally saw patients from the prison at a local hospital, and where he was privately employed); See fruit, 503 F.3d at 655 ("noting the court 'should review any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff.").

In addition, plaintiff's case will require considerable discovery concerning the identity of witnesses, the medical personnels' reports, Warden's responsibilities and grievance personnel duties and statements about incidents and policies, responsibilities, and the plaintiff's medical history. See Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997)("holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics.... these [discovery] rules prevented [ the plaintiff ] from presenting an effective case below.").

4. (Conflicting Testimony) — Plaintiff's account of the various times multiple staff members delayed, and intentionally turned a blind eye to his serious medical needs, and knowingly

(10.) f.10.

—provided inadequate medical treatment is squarely in conflict with the statements of the medical personnel, Warden, and grievance personnel and Wexford's unconstitutional policies aimed to cut costs to save money at the expense of inmates health. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). (See "Defendants' Answer And Affirmative Defenses To Plaint-f's Complaint" — on behalf of defendants, Kelly Pierce, Anthony Will, Angela Crain, by and through their attorney, Kwame Raoul, Attorney General of State of Illinois") The existence of these credibility issues supports the appointment of counsel. see Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Gatson v. Coughlin, 679 F.Supp. at 273.

    5.) (The Ability Of The Indigent To Present His Claim) — Plaintiff is an indigent prisoner with no legal training, and insufficient funds to cover copies, send certified mail copies of filings and discovery requests to 4 different lawyers representing all 8 defendants, nor able to hire investi-gator to locate and speak to witnesses to support claims, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 263 (7th Cir. 1997). Also, plaintiff is confined in a form of restrictive housing with very limited access to legal materials. Rayes 1. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack for ready access to law library as a factor supporting appointment of counsel).

    6.) (Legal Complexity) — (A.) The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involv-ed in the constitutional violations to be held liable, and the multiple medical claims and policy claims as well. Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel). (B.) In addition, the plaintiff has to deal with obtaining medical records and sensitive policy records and records on staff members disclosing personal inform-ation which may be difficult to obtain due to prisoner's status, and the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. Solis v. County of Las Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (prisoner with an eighth grade education and in

- legal training is "ill-suited" to conduct a jury trial). (c.) The complexities of having multiple nurse, medical doctors, as defendants the various forms of conflicting testimony, medical records, and whether medical personnel ligitimately excorised "reasoned professional judgment" inconsistent with deliberate indifference, and the need to have a lawyer's help with adequately presenting sufficient facts to create a genuine issue about why the nurses, medical doctors, and supervisory administrative staff declined to follow a specialist's recommendations or advised a continuation of ineffective treatments that prolong plaintiff's pain. See Greeno, 414 F.3d at 658 ("holding case was 'legally more complicated than a typical failure-to-treat claim because it required an assessment of the adequacy of the treatment that [plaintiff] did receive, a question that will likely require expert testimony."); Ortiz v. Webster, 655 F.3d 731, 735 (7th Cir. 2011) ("analyzing complexities of deliberate indifference claims).

(D.) Plaintiff's case presents complicated medical matters, involves varing recommended courses of treatment by numerous physicians, and requires discovery into what constitutes reasonable care for medical professionals; and though not every deliberate indifference case is so complex and beyond the individual plaintiff's capacity as to warrant the recruitment of counsel, this one is. See Henderson, 755 F.3d at 566-67, 2014 WL 275,743 at 6-7 (noting case required recruitment of counsel because it involves complex medical terms and concepts," requires proof of the "defendants' state of mind", and proof of doctor's knowledge of a substantial risk of harm and disregard of that risk).

7.) (Mental Illness Complications) - Plaintiff has a history of psychotic mental illness (schizophrenia), "Bipolar Disorder", "Depression", and currently suffers from severe anxiety, parasoia, depression and is currently on anti-depressents and sleeping pills for plaintiff's ADA accommodation mental health issues and insomnia which prevents him from concentrating, focusing, doing legal work, sleeping, and being unable to focus or comprehend legal jargon or read when on medication which plaintiff receives everyday. See Exhibit #15, Ex. #136, Ex. #143, Ex. #144, Ex. #145, Ex. #146, Ex. #147, Ex. #149).

8.) (Plaintiff Is Unable To Afford Counsel) - Plaintiff receives money inconsistently from family members every once and a while but it's not enough to hire private counsel, and sends money when they're able to, and send whatever amount they can spare which usually isn't very much.

(8.) of (10.)

9.) (Merit Of The Case) — The plaintiff's allegations, in suffering from a swollen and fractured right hand, Carpal Tunnel Syndrome and Arthritis, if proved, clearly would establish a constitutional violation. The multiple denials, delays, Misdiagnosis, failure to follow physician's recommendations, follow-up care orders, for approximately a 19 month period and giving known ineffective courses of treatment and failure to follow practically all of their own medical rules, regulations, protocols, policies, professional nurse state law duties, and state laws which are also grounds for criminal prosecution for depriving plaintiff of his civil rights under color of law, as a result of the law violations and injuries and pain and suffering intentionally inflicted maliciously against plaintiff, whom has no other choice but to rely on Wexford Health Sources, Inc, medical staff and others for obtaining adequate medical care for my serious medical needs in the complaint clearly states an Eighth Amendment Violation. See Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). On its face, then, this is a meritorious case.

10.) (Plaintiff Wishes To Pursue A Class Action.) — Plaintiff seeks and sought to certify his claims and complaint as a class action due to the relief he seeks and problems in obtaining adequate medical treatment he describes are common to all people currently incarcerated at Menard Correctional Center and currently in IDOC under Wexford Health Source, Inc's care. Plaintiff has met 3 of 4 elements in Rule 23(a) to be certified as a class, and failed to meet the 4th element of adequacy of representation, which the court state's, "Plaintiff cannot satisfy the element of adequacy of representation because as a non-lawyer, he cannot represent the other potential members of the class. See Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) ("It is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."). All of which is more of the reason why plaintiff needs to be appointed counsel because "that reason alone the court

Exhibits #'s Attached To Motion Appoint OF Counsel Are: Ex. # 130 - Ex. #15 164,
Ex. #41, Ex. #35, Ex. #38, Ex. #29, Ex. #19, Ex. #27, Ex. #21, Ex. #14, Ex. #22, Ex. #114, Ex. #115, Ex. #B, Ex. #C, Ex. #D, Ex. #E
Ex. #F, Ex. #G, Ex. #3, Ex. #I, Ex. #99, Ex. #100, Ex. #101, Ex. #102, Ex. #A, Ex. #H, ~~onoto~~ The other Exhibits are
attached to plaintiff's verified complaint, or are already apart of the courts filed Electronically Record.


~ denied plaintiff's motion for class certification.

11.) Plaintiff Have Been Experiencing Issues With His Mail AND COSTED Him A Defendant As A Result,
~ Plaintiff suffered an injury in retaliation for his legal mail being tampered and interfered with
that lead to one of his defendants- Michael Moldenhauer getting dismissed from his lawsuit.
Which occurred when plaintiff's filings to the court got sabotaged when he filed a response to defend
-t's Partial Summary Judgment Motion for Failure to exhaust administrative remedies and motion
to dismiss, plaintiff replied to both motions where he demonstrated plaintiff had properly exhausted
his claims and stated a claim against Michael Moldenhauer, and mailed it out legal mail via
institutional mail to be mailed to the court by United States Postal Service, sealed-closed
up as legal mail, not to be opened outside plaintiff's presence since ~~the court by~~ the envelope was clearly mark
-ed legal mail, yet some Menard Correctional Center staff member opened up my legal mail sealed
envelope, and maliciously took out an entire section of my filing of his response to Moldenhau
-'s motion to dismiss which proved plaintiff stated a claim, and replaced plaintiff's filings with
another inmate's filings, then resealed my mail and forwarded it out to be filed with the
court as if I sent it to be filed like that; unbeknownst to plaintiff, which led to plaintiff's defen
-ant Michael Moldenhauer being dismissed off plaintiff's civil suit in retaliation for this
current lawsuit. And the only way plaintiff found out was when the judge ruled on plainti
-'s response to Moldenhauer's Partial Summary judgment and motion to dismiss motions, and
denying Moldenhauer as a defendant as a result, the judge's "Opinion" and final ruling on the motion
stated in a footnote ~~pointed it~~ out stating that plaintiff's entire section for motion to dismiss show
he stated a claim was missing from the filings and another inmate's filings were filed in
it's place. (See Judge's Opinion & Ruling Dismissing Michael Moldenhauer From Plaintiff's Complaint)

("Conclusion")

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Date: 11/9/25          Name And Address:   Keith Allen-M31830
                                           Keith Allen-M31830
                                           Menard Correctional Center
                                           P.O. Box 1000
                                           Menard, IL 62259

(14.) of (14.)

(Certificate OF Service)

I, plaintiff, Keith Allen - M21830, placed on 11/9/25 in Menard Correctional Center's institutional mail to be sent to the law library clerk staff a copy of the following documents "Motion For Appointment OF Counsel - 2025, 1p", "Declaration In Support OF Plaintiff's Motion For The Appointment OF Counsel", p. 2", "Memorandum OF Law In Support OF Plaintiff's Motion For The Appointment OF Counsel", p. 10-11", "Attached Exhibits - 66 page total, some both side copies", to be E-Filed to:"The Clerk OF The Court of The United States District Court, Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL. 62201", and for the clerk of The Court To Please Forward a Copy of The Motion For Appointment OF Counsel To All Attorney's of the Record!

Respectfully Requested, Thank You & God Bless!!!

Date: 11/9/25

Keith Allen - M21830
Keith Allen - M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL. 62259

" Declaration Under Penalty OF Perjury "

Pursuant to 28 U.S.C. 1746 and 18 USC 1621, I declare under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained is true and correct to the best of my Knowledge.

11/9/25

/s/ Keith Allen - M21830
Keith Allen - M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL. 62259

(11)

Exhibit 41 , p.1 of 4

ma1830



**THE**
**ORTHOPAEDIC**
**INSTITUTE**
**OF SOUTHERN ILLINOIS**

| | |
|---|---|
| Patient: | Keith Allen |
| Date of Birth: | 06/04/1988 Age: 33 |
| Date | 02/08/2022 9:20 AM |
| Visit Type | Office Visit |



## CHIEF COMPLAINT:
Right hand pain.

## HISTORY OF PRESENT ILLNESS:
1. rt hand

Patient is a 33-year-old right-hand dominant male who states that in September 2021 he got into a fight. He states that since then he has had pain in the hand. States his pain level varies between a 1 and 9 and describes it as a sharp, burning, stabbing pain. States he occasionally has numbness in the thumb, index finger and long finger as well. He has been taking ibuprofen. He is an inmate and he did state he was very apprehensive about surgical procedures due to the conditions he lives in.

Today we reviewed his past medical history, medications, allergies, surgical history, social history, family history, and review of systems. They are all part of his electronic medical record.



### PAST MEDICAL HISTORY (Detailed)

| Disease | Onset Date | Comments |
|---|---|---|
| Arthritis | | |

### PAST SURGICAL HISTORY

| Management | Laterality | Date | Comments |
|---|---|---|---|
| no known surgical history | | | |

### SOCIAL HISTORY (Detailed)
Tobacco use reviewed.
Preferred language is English.
Tobacco use status: Cigarette smoker.
Smoking status: Current every day smoker.

Allen, Keith   000000272220 06/04/1988 02/08/2022 09:20 AM Page: 1/4

M21830

## FAMILY HISTORY (Detailed)
Condition
Family history of Cardiovascular disease
Family history of Cancer, unknown
Family history of Diabetes mellitus

## MEDICATIONS:
Patient Status
Completed with information received for patient transitioning into care.
Medication Reconciliation
Medications reconciled today.
Medication Reviewed

| Medication Name | Prescribed Elsewhere | Status |
|---|---|---|
| naproxen 500 mg tablet | Y | Verified |

## ALLERGIES:


| Ingredient | Reaction (Severity) | Medication Name | Comment |
|---|---|---|---|
| NO KNOWN ALLERGIES | | | |

## REVIEW OF SYSTEMS:
| System | Neg/Pos | Details |
|---|---|---|
| Constitutional | Negative | Chills, Fever and Night sweats. |
| Eyes | Negative | Blurred vision. |
| Respiratory | Negative | Asthma, Cough and Dyspnea. |
| Cardio | Negative | Chest pain and Irregular heartbeat/palpitations. |
| GI | Positive | Abdominal pain. |
| GI | Negative | Black tarry stools, Nausea and Vomiting. |
| GU | Negative | Dysuria and Urinary incontinence. |
| Endocrine | Negative | Cold intolerance and Heat intolerance. |
| Neuro | Positive | Paresthesia, Numbness in extremities. |
| Neuro | Negative | Dizziness and Headache. |
| Psych | Negative | Anxiety. |
| Integumentary | Negative | Rash and Skin lesion. |
| MS | Negative | Except as noted in HPI and Chief complaint and Muscle weakness. |
| Hema/Lymph | Negative | Bruising and Easy bleeding. |
| Allergic/Immuno | Negative | Contact dermatitis. |

## Vital Signs
## VITAL SIGNS
| BP mm/Hg | Ht ft | Ht in | Ht cm | Wt lb | BMI kg/m2 | Pulse /min | Resp /min | Temp F | Time | Measured_by |
|---|---|---|---|---|---|---|---|---|---|---|
| | 5.0 | 9.00 | 175.26 | 185.00 | 27.32 | | | | 9:43 AM | April Hines |

## PHYSICAL EXAM:
GENERAL: Patient is a well-developed, well-nourished 33-year-old male who looks to be stated age. He is in no acute distress at this time. Mood and affect were appropriate. He was alert and oriented x3. He is 5 feet 9 inches and weighed 185 pounds.

Allen, Keith    000000272220 06/04/1988 02/08/2022 09:20 AM Page: 2/4

Exhibit # 41, 3 of 4

M21830

MUSCULOSKELETAL: On inspection of the upper extremities, he was able to make a complete fist with both hands and extend the fingers past neutral. Light touch sensation was intact at the tips of the fingers in both hands. Capillary refill was brisk at 2+ to the tips of the fingers of both hands. On examination of the wrist themselves, they have full range of motion of both wrists to include flexion, extension, pronation, supination, radial and ulnar deviation. He had a mildly positive Tinel's and median nerve compression test bilaterally.

## DIAGNOSTICS:

| Ordered Date | Completed Date | Dx./Indication | Study | Result | orderedBy |
|---|---|---|---|---|---|
| 02/08/2022 | | Pain in right hand | Hand Xray Min 3 Views | | Young MD, Steven D MD |

Diagnostic Interpretation: X-rays were obtained today. Three views of the right hand were taken. He did have an old fracture at the base of the 5th metacarpal. It did appear was impacted, but it was healed.



## CLINICAL ASSESSMENT/PLAN:

| # | Detail Type | Description |
|---|---|---|
| 1. | Assessment | Pain in left hand (M79.642). |
| 2. | Assessment | Pain in right hand (M79.641). |
| 3. | Assessment | Closed nondisplaced fracture of base of fifth metacarpal bone of right hand, initial encounter (S62.346A). |

## Assessment:
1. Right 5th metacarpal fracture malunion.
2. Bilateral carpal tunnel syndrome.

## Plan:



At this time, we did discuss nerve studies and carpal tunnel release. However, the patient states he is not interested at this point in carpal tunnel surgery. He was told that if the symptoms become worse or he would like to have this addressed that he can have a follow-up made here at the clinic. It was explained to the patient that the fracture itself is healed. There is not much that can be done. An osteotomy more than likely would not provide any benefit due to the nature of the fracture and it did appear that the fracture had encroached on the distal row of carpal bones, but again the fracture is healed. He had very little pain on palpation of the fracture site and was able to make a complete fist. At this time it was explained to the patient this does not appear to be a surgical issue. Surgery would be less than optimal. He does have full function and range of motion, so we would not suggest surgery at this point. The patient agreed. He was instructed to take anti-inflammatories for his intermittent pain and to use the hand with no restrictions. We will go ahead and release him p.r.n.

Electronically signed by : *Phillip R. Erthall PA* 02/08/2022 09:20 AM

Allen, Keith    000000272220 06/04/1988 02/08/2022 09:20 AM Page: 3/4



Southern Orthopedic Associates   Fax:                                                    Page 5 of 6

M21830

CC Providers:
Glen Babich MD
10940 Lawrence Rd
Lawrence Correctional Center
Sumner, IL, 624661205
6189362859

Phillip R Erthall, PA-C/60023

510 Lincoln Drive Herrin, IL 62948 - Phone: 618.997.6800 - Fax: 618.998.9385 - www.orthopedicinstitute.com

Allen, Keith    OOO000272220 06/04/1988 02/08/2022 09:20 AM Page: 4/4

**JB Pritzker**
**Governor**



**Rob Jeffreys**
**Director**

### The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL 62259 • (618) 826-5071 TDD: (800) 526-0844

# M E M O R A N D U M

DATE:     September 14, 2022

TO:     Record Office
         Med Furlough Notification

FROM:     Angela Crain.
           Health Care Unit Administrator

SUBJECT: M21830 Allen, Keith

## PLACE:
**OISI**
**510 Lincoln Dr**
**Herrin, IL**
**618-997-6800**

**DATE: September 27, 2022**                    **TIME: 10:50 AM**

**ADA attention: N/A**

**REASON: Ortho F/U**

Angela Crain, RN, BSN, HCUA
**MS: TK**

cc:     **Shift Commander's Office**
         **Medical Records**
         **Office File**

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Keith Allen 000272



## **Wexford Health**
### SOURCES INCORPORATED

## NOTICE OF CLAIM AUTHORIZATION NUMBER

To:        HEALTHCARE UNIT
From:      Utilization Management
Date/Time: 08/29/2022 / 21:43:45

Inmate Name: KEITH ALLEN
Inmate Number: M21830
Date of Birth: 06/04/1988
Site: MENARD
Service: 99213-OFFICE O/P EST LOW 20-29 MIN
Authorization No: 26706742

Service is Authorized.

Comments:    8-16-22 Ortho F/U authorized for a patient with R hand pain and swelling on Xrays. No fracture seen on Xray. Seen by Ortho 2-8-22; recommended EMG and F/U with results.

------------------------------------------------------------------------------------

### INFORMATION CONTAINED IN THIS DOCUMENT IS PRIVILEGED AND CONFIDENTIAL

Wexford Health Sources
Phone: 877-939-2884 -or- 800-353-8384
Fax: 412-937-9151

Keith Allen 000271

Exhibit #38, p.2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ MCC _____ Center

| Offender Information: | | | |
|---|---|---|---|
| ALLEN (Last Name) | KEITH (First Name) | (MI) | ID#: 21830 M |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12.1.21 10⁵⁵/A | NP NOTE s: Scheduled for rev. of Rt hand X-ray results ____ O: No results in chart. Evaluating pt – Previous 8/21 X-ray ____ Pt s/r "I have nerve pain in my Rt hand, can't ball up my fist, (while making a fist ā Rt hand) Pt also c/o Rt hand disfigurement — (No noted deformity) No swelling will refer pt ortho for eval. ____ c/o pain – Denied numbness today A: Rt hand discomfort. ____ M. Moldenhauer NP ⊂ | ① P: NAPROXEN 500 mg ī po BID PRN × 2 mos. ② ref req. to Orthopedic) eval Rts hand . ③ EMG Rt hand ④ F/U in 2 months. MONP<L additional work 9/21 present normal — "If symptom continue May need F/U." |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002 (Replaces DC 7147)

Exhibit #38 p.1of2

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Menard Correctional** _____ Center

| Offender Information: | | |
|---|---|---|
| **Allen** | **Keith** | **M21830** |
| Last Name | First Name | MI    ID#: |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12/6/21<br>4:07 pm | **Med Furlough Clerk Note:**<br><br>S.) ◯<br><br>O.) Scheduled individual in custody for an Ortho Eval<br>Auth: 267756914<br><br>A.) Med Furlough appointment | P.) Complete med furlough notification for Angela Crain approval/signature. Copies provided to Record office, scanned and emailed via institutional email to staff assigned to med furlough contact list.<br><br>L. Miles<br>Med Furlough Clerk |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Menard Correctional_____ Center

**Fracture,
Dislocation, Sprains**

Offender Information:

Last Name: Allen     First Name: Keith     MI:     ID#: M21830

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11/4/21 8:11A | **RN NOTE   LPN/CMT NOTE** | **P) Refer to MD if:** |
| | S) – When did the injury occur? in WCH | - Any deformity, severe pain or swelling, discoloration, limited motion, lack of warmth to touch, pulses diminished or absent (symptoms of impaired circulation) |
| | - How did it happen? altercation | |
| | - Location of injury? Rt hand | |
| | - Any restriction in range of motion? Ø | **No MD Referral:** - Cold pack PRN for 24 hrs. |
| | - Pain scale 1 -10? SR "8" | - **Splint and elevate extremity** - Discuss management of injury with MD on-call if necessary |
| AKDA amras | O) T98 P70 R20 BP130/80 WT146.2 | - FIRST GIVE – Ibuprofen 200mg 1-2 tabs t.i.d. PRN X 3 days (18 tabs) |
| | - Inspection for anatomical alignment WNL | - Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets)   OR |
| | - Presence of swelling none @ this time | IBUPROFEN 200MG TAB 56837282  MENARD, STOCK 09/28/21   09/27/21   09/27/22 |
| | - Presence of discoloration Ø | **Patient Teaching:** |
| | - Skin integrity WNL | - Medication use |
| | | - Application of cold |
| | - Check for circulatory integrity WNL | - No weight bearing, elevation |
| | - Capillary refill instantaneous | - Crutch walking if applicable |
| | | - Safety measures |
| | - Distil pulses WNL palpable | - Importance of follow up |
| | - Assess for active ROM WNL | **Follow-Up:** Return to sick call for increased pain, numbness or skin color changes. |
| | | Nurse Signature |
| | A)  R/O Skeletal Injury | Payment voucher    YES    NO |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Keith Allen 000196

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Menard Correctional            Center

Offender Information:

Allen _____ Keith _____ MI ___ ID#: M21830
Last Name          First Name

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/14/81 1:40p | X-RAY NOTE | |
| | (2) hand xrays completed | ✓ 2 ____ vst(r) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

*Printed on Recycled Paper*



ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: 10/21/2021    Date of Review: 10/21/2021    Grievance # (optional): 232-10-21

Offender: Allen, Keith    ID#: M21830

**Nature of Grievance:**

Medical Treatment

**Facts Reviewed:**

Individual in custody submitted a grievance dated 10/15/2021 and grieves on 8/16/2021 he was in an altercation where he hurt his right hand. He was seen by medical and had 3 x-rays in a 38-day period that were all coming back negative for any bone damage. He was told he may need an MRI. He is requesting to be approved for an MRI, pain medication and surgery if needed.

Relief Requested: "Some strong pain pills, for the pain, a second opinion x-ray from an outside hospital to check for bone damage, a "MRI" to check for nerve damage x-rays can't detect, and if any bone damage or nerve damage is discovered, I'd like the proper treatment and or surgery to repair it. Also, for "Wexford" to change its inadequate healthcare policies that blatantly disregards inmates' serious medical needs and for all staff responsible for being deliberately indifferent to my serious medical needs be fired."

Grievance #232-10-21 was received on 10/20/2021 and marked emergency by the offender. It was deemed of emergency nature by the Warden on 10/21/2021 and returned to Grievance Office for processing on 10/21/2021.

Forward the grievance to the HCU and the ADA Coordinator for review on 10/25/2021.

Continued on back page...

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be MOOT.

Kelly Pierce, CCIII - Menard Correctional Center

Print Grievance Officer's Name                              Grievance Officer's Signature

(Attach a copy of Offender's Grievance, Including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: NOV 0 9 2021    ☑ I concur    ☐ I do not concur    ☐ Remand

Action Taken: BY:

Chief Administrative Officer's Signature                                    11/18/21  Date

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature                              ID#                              Date

Keith Allen 000042

Exhibit # 27, p. 2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

nurse or LPN and I'm still in severe pain and my head is only getting worse. (Everary's Adams, LPN, staff members, C.O.'s, The Doc staff, Wexford Health's Care Medical Provider Rexwell, Inc, Wexford Chief Administrative Officer), Assistant Warden, Director of Operations, Doctors, Physicians, are all violating my Eighth Amendment Rights Under Cruel that Usual Punishment, and been Deliberate Indifferent to my serious Medical needs by blatenly, pointlessly, maliciously disregarding my serious medical again and failing to provide me the proper medical attention to relieve me of the pain and suffering I'm experiencing. So, I'm hoping to please get the proper medical treatment to repair the damage to my head.

Respectfully Requested !!

Keith Allen 000041



ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE (Continued)**

Keith Allen 000039

Exhibit #27, pt. 2

NOV 8 4 2021

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 11/3/21 | Offender: (Please Print) Keitta Allen | IDR: 1313/83c |
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

95-11-21 Men

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

RECEIVED

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report          Facility where issued

NOV 0 8 2021

MENARD CC
GRIEVANCE OFFICE

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): Hello, my name is Keith Allen - B13183c located in East House, Cell #83, date: 11/3/21 and I'm filing this grievance seeking medical treatment in the form of an X-ray from a contusion scar on my right hand because I'm experiencing severe pain and suffering and it's causing me severe discomfort, and I think it's broke and will cause permanent disfiguration if not treated soon. It's been causing me pain since 8/16/21 on the day I broke it in a fight. I've been [crossed out] filing multiple sick call request slips that have been ignored, I haven't received any of the pain pills I've requested to numb this pain over the last month nor have I been called to sick call. I filed an emergency and expedited grievance review on 10/13/21, grievance #220-10-21, well, it's Warden who deemed it an emergency and expedited grievance review on 10/21/21 and I still haven't gotten any pain pills, no treatment, I been seen by a

Relief Requested: I get an X-ray by a outside hospital a new round give me a X-ray to show me my hand damage, some pain pills to numb the pain until I can get the proper treatment, and I want whatever treatment necessary if it's show my hand is broke and I have any more damage.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

[redacted]                    B13183c        11 / 3 / 21
Offender's Signature          IDR            Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____ / _____ / _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-0277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 11 / 5 / 21    Is this determined to be of an emergency nature?
[x] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[redacted]                              11 / 5 / 21
Chief Administrative Officer's Signature    Date

Distribution: Master File, Offender                    Page 1    11A Sick call denial & no outside Medical treatment    DOC 0046 (1/2018)

09/17/2021  16:33   3098621302                BLOOMINGTONRADIOLOGY                        PAGE  04/05

Exhibit # 21 (p.1 of 1)

OneRadiology
Normal, IL 61761
Date: 09/16/2021

ALLEN, KEITH
ID#: M21830
D.O.B.: 6-4-88
Ordered by: Dearmond
Menard Correctional Center

RIGHT HAND, THREE VIEWS 9-14-2021:

HISTORY: Injury and pain.

Mild degenerative changes are seen, but no acute bony fracture or dislocation is noted on this initial study. There is mild soft tissue swelling of the thenar and hypothenar eminences. If symptoms persist or progress a follow up study may be considered.


Signed _____
          N. Yousuf, M.D.

Dic.: 09/16/2021

Films from Menard Correctional Center


M.D. REVIEW
DATE 10/13/21
DOCTOR
PULL CHART
SEE PATIENT _____ CC/PE/HIV
FILE

10/5/21

Keith Allen 000334

Exhibit # 14p.1of1

**OneRadiology**
**Normal, IL 61761**
**Date : 8/26/2021**

**ALLEN, KEITH**
**ID#: M21830**
**D.O.B.: 6-4-88**
**Ordered by: Crane**
**Menard Correctional Center**

**THREE VIEWS OF THE RIGHT HAND 8-20-2021:**

**HISTORY:** Status post fall.

**FINDINGS:** Dependent edema.

**FINDINGS:** No evidence of acute fracture or malalignment. Normal joint spaces and mineralization is preserved. The soft tissues are unremarkable.

**IMPRESSION:** Unremarkable radiographs of the right hand.

Signed _____
N. Florence, M.D.

Dic.: 08/26/2021

**Films from Menard Correctional Center**

received
8/31/21

M.D. REVIEW
DATE 9/1/21
DOCTOR ___ N
PULL CHART _____
SEE PATIENT _____ CC/PE/HIV
FILE _____

Keith Allen 000333

Exhibit B-2

E-7-13

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 810/15/3631 | Offender (please print) Keith Allen | ID # M213830 | Race (optional): Blk |
|---|---|---|---|

Present Facility: Menard Correctional Center

Facility where grievance issue occurred: Menard Correctional Center

**Nature of grievance:**
- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☐ Other (specify):
- ☒ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation

232-10-21 MEN

RECEIVED OCT 21 2021 MENARD CC

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Summary of Grievance**

On 8/14/21 I, Keith Allen-M213830 was burned in the West House where I had a physical altercation in self-defense trying to defend and protect myself from harm and I hurt my right hand in the process and was swollen like a baseball glove and felt like it was broken, causing me sever pain and discomfort that you could tell something was wrong with it just by looking at how swollen it was compared to my left hand. Then I was sent to segregation under investigation and placed in cell "847" in the North Two housing Unit. The next I told the nurse (R.N.) John Doe that I needed some pain pills and my right wrist was in serious pain and I needed medical treatment, and showed how swollen my right hand was.

**Relief Requested:**

Some strong pain pills for the pain, a second opinion X-ray from an outside hospital to check for line damage, a "MRI" to check for nerve damage X-rays can't detect, and if any nerve damage or arm damage is discovered, I'd like the proper treatment and or surgery to repair it. Also for "Wexford" to charge it's inadequate healthcare policies that blatantly disregards inmates serious medical needs and for all staff responsible for being deliberately Indifferent to my serious medical needs to be fired.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Keith Allen — M213830 — 10/15/21

**Counselor's Response** — Date Received:

**EMERGENCY REVIEW:** Date Received: 10-21-21
Is this determined to be of an emergency nature?
☒ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated.

10-21-21



**SIDLEY**

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 312 853 3206
KHUGGINS@SIDLEY.COM

September 12, 2023

**Via Regular Mail**

Keith Allen  M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Mr. Allen:

We received your letter dated August 25, 2023. Unfortunately, we are not able to represent you in this matter. As you can imagine, we receive many more requests to provide *pro bono* legal services than we are able to accommodate. Enclosed with this letter is a list of free and low-cost legal providers in the Chicago area that you may wish to contact. We wish you the very best luck.

Very truly yours,

*Kelly Huggins*

Kelly Huggins

Exhibit 13

# Advancing the human and civil rights of people with disabilities

SELF-ADVOCACY ASSISTANCE ★ LEGAL SERVICES ★ DISABILITY RIGHTS EDUCATION ★ PUBLIC POLICY ADVOCACY ★ ABUSE INVESTIGATIONS

September 14, 2023

**_Privileged LEGAL Correspondence_**
Keith Allen, M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

      Re: Your Request for Assistance – No. 2023-6742

Dear Mr. Allen:

Thank you for your letter to Equip for Equality, dated July 20, 2023. You asked for legal representation against IDOC for inadequate medical treatment for your hand injury.

We are not able to provide legal representation because we have limited resources. There are a number of private law firms in the Chicago area that handle prisoner rights cases. Enclosed is a list of some of those civil rights attorneys who may be willing to consider your case.

Please also know that the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that prisoners file a grievance and all available administrative appeals **before** they can bring a federal lawsuit. You should carefully follow the prison's policy for filing and appealing grievances, including all deadlines and time limits. The appeals of the grievance must be to each level stated in the policy (such as the warden, the director, and the ARB). We are including a fact sheet about the grievance procedures at IDOC.

If you do not receive a response to your grievance at any level, we suggest that you send a written request for the response. If you still do not get a response, then you should proceed to the next level of appeal with a letter explaining when you filed the grievance and any follow-up requests you made, and that you never received a response. Do everything you can to complete your parts of the grievance process, even if the facility is not doing their part.

Additionally, the statute of limitations for filing a lawsuit for civil rights claims and medical malpractice is two years from the incident. In other words, if you choose to file a lawsuit about these issues, you must file it within two years of the date the incident happened.

If you encounter medical treatment issues in the future, there is currently a class action lawsuit in the federal court that seeks to improve the medical treatment in all IDOC prisons. This case is called _Lippert v. Jeffreys_. The _Lippert_ case is not for individual relief or monetary damages, but to reform the system. A consent decree was entered by the court requiring many reforms in how medical care is provided and an independent monitor is appointed to oversee reforms. You can contact the plaintiffs' attorneys (for prisoners with medical needs) at: ACLU of Illinois, 150 N Michigan Ave # 600, Chicago, IL 60601 and Uptown People's Law Center, 4413 North Sheridan Road, Chicago, IL 60640.

THE INDEPENDENT, FEDERALLY MANDATED PROTECTION & ADVOCACY SYSTEM FOR THE STATE OF ILLINOIS

MARK P. ROTATORI, BOARD CHAIRPERSON    ZENA NAIDITCH, PRESIDENT & CEO

MAIN OFFICE: 20 N. MICHIGAN AVENUE, SUITE 300 ★ CHICAGO, IL 60602 ★ EMAIL: CONTACTUS@EQUIPFOREQUALITY.ORG ★ TEL: (312) 341-0022
TOLL FREE: (800) 537-2632 ★ TTY: (800) 610-2779 ★ FAX: (312) 541-7544 ★ MULTIPLE LANGUAGE SERVICES

Enclosed is a fact sheet explaining your legal rights under the Americans with Disabilities Act and the Rehabilitation Act for your reference.

Sincerely,

Amanda Antholt
Civil Rights Team

*Enclosures: Attorney List; ADA Fact Sheet; Grievance fact sheet*

Exhibit B



**HALE & MONICO**
AMERICA'S JUSTICE ATTORNEYS

August 3, 2023

Keith Allen # M21830
Menard Correctional Center
PO Box 1000
Menard, IL 62259

Re: *Your Inquiry to Hale & Monico*

Dear Mr. Allen,

Thank you for reaching out to Hale & Monico regarding your potential claim. We have reviewed the information that you submitted and, unfortunately, we are not able to assist you with this particular claim, but appreciate that you considered our firm for your legal needs. Please be advised that there is a statute of limitations that requires you to file your lawsuit within a certain time frame. We would encourage you to contact another attorney immediately to assist you with your claim and help you preserve your rights.

Sincerely,
*Hale & Monico*

312.341.9646 | 53 W Jackson Blvd. Ste 334 | Chicago, IL 60604



www.halemonico.com

Exhibit C



53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604

(872) 588 - 8726
www.ChiCivilRights.com

8 August 2023

**VIA U.S. MAIL TO:**
Mr. Keith Allen, M21830
Menard Correctional Center
P.O. Box 1000
Menard, Illinois 62259

       Re:    **Decline to Represent**

Mr. Allen,

Thank you for reaching out to me about your case. I do appreciate the opportunity to evaluate it. However, we will not be undertaking any litigation on your behalf. The disputes you described do not seem to me to be a good fit for our firm at this time.

I would, however, recommend contacting any of the following attorneys:

               Brian Orozco
               Kulis Law, Ltd.
               134 N. LaSalle St., Suite 444
               Chicago, IL 60602

               Uptown People's Law Center
               4413 N Sheridan Rd
               Chicago, IL 60640

Please accept my best wishes for your future, and if I can be of further assistance just let me know.

Cordially,

Jeanette Samuels

Exhibit D

August 14, 2023



**TRIBLER ORPETT & MEYER P.C.**

725 West Washington - Suite 2550
Chicago, IL 60606-2418

312-201-6400
www.tribler.com

Keith Allen- M21830
Menard Correctional Center
P.O. Box 100
Menard Illinois

Dear Mr. Allen:

I have received your letter seeking an attorney to represent you in claims against Wexford Health Sources Inc. and the Illinois Department of Corrections regarding your medical treatment at Menard Correctional Center. After consideration, my firm has concluded that we will not be representing you in this matter.

This letter is not intended to be an opinion concerning the merits of your case. In declining to represent you, I am not expressing an opinion as to whether you should take further action.

You should be aware that your claims are time-limited based on the applicable statute of limitations. I have not researched these time limits and am unable to advise you as to the applicable time limit to filing your claims. I strongly urge you to seek the services of another attorney or proceed with your claim *pro se* **as soon as possible**. You should be aware that failure to proceed promptly may result in your claims being barred by the applicable statute of limitations.

Thank you for contacting your firm and best of luck to you.

Very truly yours,

s/ Mitchell Orpett
maopertt@tribler.com
(312) 201-6400

MAO/kck

Exhibit E



4415 North Sheridan | Chicago, Illinois 60640
Phone: 773.769.1411 | Fax: 773.769.2224
www.uplcchicago.org

**PRIVILEGED LEGAL CORRESPONDENCE**
08/08/2023

Keith Allen M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Keith Allen,

We received your letter requesting legal assistance. While UPLC represents many prisoners, we are a small legal aid office that has limited capacity to assist individuals with their legal matters. Unfortunately, this means we are unable to represent you.

Although UPLC cannot represent you, that does not mean you do not have a good claim. We have not investigated your potential claims. However, there are various deadlines and requirements necessary for filing a case. First of all, under the Prisoner Litigation Reform Act, before you can file a case, you need to exhaust IDOC's administrative remedies by filing a grievance and following the process for appealing that grievance. Also, once the grievance process has been exhausted, the case must be filed within the statute of limitations - generally 2 years.

We have not reviewed the merits of your claim and are not in a position to advise you which deadlines apply to your case. If such a deadline is approaching, you should file something on your own immediately, so you do not miss any deadlines.

Although we are unable to represent you, we recommend that you keep a copy of this letter for your records. If you decide to file a lawsuit without legal representation, you will be able to file a motion with the court asking for an attorney to represent you. If you file a motion for an attorney, you must include evidence that you tried to find an attorney on your own and you should submit a copy of this letter and similar letters you may have received from other law offices along with such a motion.

Thank you for reaching out to us. Sorry we cannot assist you, but we wish you the best of luck going forward.

Uptown People's Law Center

Exhibit F

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

August 17, 2023

## *CONFIDENTIAL LEGAL CORRESPONDENCE*

*Via USPS Mail*
Keith Allen M21830
Menard Correctional Center
PO Box 1000
Menard, IL 62259

*Re: Your request for legal representation*

Keith Allen:

   This letter is to inform you that after reviewing your file, we are unfortunately unable to take your case.

   Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed. Such time periods depend on the cause of action you may wish to pursue.  However, we encourage you to follow up with other attorneys <u>immediately</u> to ensure that all legal rights are fully explored and protected.

   We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

                                        Sincerely,

                                        Loevy & Loevy

Exhibit G

353 N. CLARK STREET CHICAGO, IL 60654-3456                    J E N N E R & B L O C K ᴸᴸᴾ

August 23, 2023

Keith Allen #M21830
Menard Correctional Center
P.O. 1000
Menard, IL  62259

Dear Mr. Allen:

I am Pro Bono Counsel at Jenner & Block.  I received your letter requesting representation.  After careful review of your request, we have determined that Jenner & Block will not be able to represent you.

In declining to take your case, we are not expressing an opinion about the merits of your position. We encourage you to consult with another attorney regarding your case if you so choose.

Each year Jenner & Block receives hundreds of requests for representation. Unfortunately, because of the tremendous volume of requests we receive, we are unable to undertake each one.

Sincerely,


/s/ Nura Maznavi

Exhibit

353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER & BLOCK LLP

January 3, 2020

Keith Allen #M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Mr. Allen:

I am the Pro Bono Coordinator at Jenner & Block. I received your letter requesting representation. After careful review of your request, we have determined that Jenner & Block will not be able to represent you.

Each year Jenner & Block receives hundreds of requests for representation. Unfortunately, because of the tremendous volume of requests we receive, we are unable to undertake each one.

Sincerely,

Nura Maznavi

Exhibit "I"

LAW OFFICES OF
# GREGORY E. KULIS AND ASSOCIATES, LTD.
134 NORTH LASALLE STREET, SUITE 444
CHICAGO, ILLINOIS 60602 - 3368

**GREGORY E. KULIS**
gkulis@kulislawltd.com
**BRIAN M. OROZCO**
borozco@kulislawltd.com
**VINCENZO B. CAPORALE**
vcaporale@kulislawltd.com

OF COUNSEL
GEORGE G. LEYNAUD
REBECCA M. LEYNAUD

TEL: (312) 580-1830
FAX: (312) 580-1839
www.kulislawltd.com

LASALLE COUNTY OF COUNSEL
OFFICE
1200 38TH STREET
PERU, ILLINOIS 61354
(815) 224-4700

**SAMI ZIAD AZHARI**
OF COUNSEL

January 15, 2024

**SENT VIA USPS MAIL**
Keith Allen M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

RE: *Potential Claim*

Dear Mr. Allen,

Due to our current litigation docket, I must decline become involved in your claim. If you wish to proceed, I suggest you seek the advice of other counsel directly.

Respectfully,

/s/ *Gregory E. Kulis*
Attorney

**Gregory E. Kulis & Associates Ltd.**
**134 N. LaSalle Street, Suite 444**
**Chicago, IL 60602**
**p. 312.580.1830 / f: (312) 580-1839**
**e. gkulis@kulislawltd.com**
**e. attorney@kulislawltd.com**



**LAND OF LINCOLN -LEGAL AID-**

*Breaking Barriers to Justice*

**CENTRAL REGIONAL OFFICE**

Dorothy O. Cook
Community Law Center
8787 State Street
Suite 101
East St. Louis, IL 62203

(618) 398-0958  PHONE
(618) 398-4813  FAX
efileCRO@lincolnlegal.org

**ADMINISTRATIVE OFFICE**

Dorothy O. Cook
Community Law Center
8787 State Street
Suite 201
East St. Louis, IL 62203

(618) 398-0574  PHONE
(618) 398-0681  FAX
admin@lincolnlegal.org

**OFFICES**

Alton
Carbondale
Champaign
Charleston
Decatur
East St. Louis
Mt. Vernon
Springfield

**LEGAL ADVICE & REFERRAL CENTER**

(877) 342-7891  TOLL FREE

LINCOLNLEGAL.ORG

July 24, 2023

Keith Allen M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Mr. Allen:

I am in receipt of your letter. Land of Lincoln Legal Assistance Foundation, Inc. provides civil legal assistance to the poor in a variety of areas.

However, Land of Lincoln Legal Assistance Foundation, Inc. is federally funded, and under current federal law, we cannot assist prisoners in any civil litigation or in any criminal or post-conviction matters.

I am sorry that we are unable to be of any assistance to you.

Sincerely,

Megan Kinney,
Managing Attorney
MK/lm



Exhibit


**THOMPSON COBURN** LLP

One US Bank Plaza
St. Louis, MO 63101

314 552 6000 main
314 552 7000 fax
thompsoncoburn.com

**Booker T. Shaw**
314 552 6087  direct
bshaw@thompsoncoburn.com

July 31, 2023

Keith Allen, M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL  62259

Re:  Legal Representation

Dear Mr. Allen:

Enclosed is the correspondence you mailed us.  Unfortunately, we are unable to represent you in this matter.

Best regards,

Thompson Coburn LLP


*Booker T. Shaw*

By
    Booker T. Shaw

BTS/klw

Enclosure

Exhibit # 100

## LEGAL MAIL RECEIPT

MENARD CORRECTIONAL CENTER, MENARD, IL 62259

RESIDENT: Allen          REGISTER NO.: M21830    LOCATION: W 3-14

FROM MAIL OFFICE                      DATE: 8-4-23

LEGAL MAIL FROM: Thompson Coburn LLP

St. Louis MO 63101

SIGNATURES: _____    DATE: 8/4/23
                    OFFICER HANDING OUT LEGAL MAIL

_____    DATE: 8/4/23
            INMATE RECEIVING LEGAL MAIL

PLEASE RETURN THIS FORM TO THE MAIL OFFICE. THANK YOU.

IL 429-8298
DCA-18174

Exhibit



4415 North Sheridan | Chicago, Illinois 60640
Phone: 773.769.1411 | Fax: 773.769.2224
www.uplcchicago.org

**PRIVILEGED LEGAL CORRESPONDENCE**
07/31/2023

Keith Allen M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Keith Allen,

We received your letter requesting legal assistance. While UPLC represents many prisoners, we are a small legal aid office that has limited capacity to assist individuals with their legal matters. Unfortunately, this means we are unable to represent you.

Although UPLC cannot represent you, that does not mean you do not have a good claim. We have not investigated your potential claims. However, there are various deadlines and requirements necessary for filing a case. First of all, under the Prisoner Litigation Reform Act, before you can file a case, you need to exhaust IDOC's administrative remedies by filing a grievance and following the process for appealing that grievance. Also, once the grievance process has been exhausted, the case must be filed within the statute of limitations - generally 2 years.

We have not reviewed the merits of your claim and are not in a position to advise you which deadlines apply to your case. If such a deadline is approaching, you should file something on your own immediately, so you do not miss any deadlines.

Although we are unable to represent you, we recommend that you keep a copy of this letter for your records. If you decide to file a lawsuit without legal representation, you will be able to file a motion with the court asking for an attorney to represent you. If you file a motion for an attorney, you must include evidence that you tried to find an attorney on your own and you should submit a copy of this letter and similar letters you may have received from other law offices along with such a motion.

Thank you for reaching out to us. Sorry we cannot assist you, but we wish you the best of luck going forward.

Uptown People's Law Center

Exhibit #161

## LEGAL MAIL RECEIPT

MENARD CORRECTIONAL CENTER, MENARD, IL 62259

RESIDENT: Allen          REGISTER NO.: M21430     LOCATION: W 3.14

FROM MAIL OFFICE                          DATE: 8-8-23

LEGAL MAIL FROM: UPLC
Chicago 60040



SIGNATURES: D Bug                         DATE: 8-8-23
_____
OFFICER HANDING OUT LEGAL MAIL

Keitn Allen                                DATE: 8-8-23
_____
INMATE RECEIVING LEGAL MAIL

IL 429-8298
DCA-18174

PLEASE RETURN THIS FORM TO THE MAIL OFFICE. THANK YOU.

Exhibit



August 1, 2023


Keith Allen, #M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL  62259

Re:    Request for Legal Assistance

Dear Mr. Allen:

   The work of the Chicago Lawyers' Committee is largely restricted to litigation addressing civil rights violations in housing discrimination, hate crimes, voting rights and school expulsions/suspensions in the Chicagoland area.  It follows that your case is not one in which we would normally become involved.  Please contact Mr. Alan Mills at Uptown Peoples Law Center, 4413 North Sheridan Road, Chicago, IL 60640-5605 for consideration.

   I hope that our determination does not deter you from seeking assistance elsewhere. Good luck in your efforts to resolve your problem.

Sincerely,

Elesha Jackson
Director of Administration

Exhibit # 102

## LEGAL MAIL RECEIPT

MENARD CORRECTIONAL CENTER, MENARD, IL 62259

RESIDENT: _Allen_          REGISTER NO.: _M21430_ LOCATION: _W3 14_

FROM MAIL OFFICE                                   DATE: _8-7-23_

LEGAL MAIL FROM: _Chicago Lawyers Committee for Civil Rights_
_Chicago 60602_

_____

_____

SIGNATURES: _____          DATE: _8/7/23_
            OFFICER HANDING OUT LEGAL MAIL

            _____          DATE: _8/7/23_
            INMATE RECEIVING LEGAL MAIL

PLEASE RETURN THIS FORM TO THE MAIL OFFICE. THANK YOU.

IL 429-8298
DCA-18174



**JB Pritzker**
Governor

(Exhibit A)

**Latoya Hughes**
Acting Director

## The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL 62259 • (618) 826-5071 TDD: (800) 526-0844

February 6, 2024

Ms. Tanya Kelley
Deputy Clerk
United States District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

RE: **Keith Allen #M21830 v. Rob Jeffreys, et al.**
**Cause no. 23-3775-DWD**

Dear Deputy Clerk Kelley:

Enclosed please find signed Waivers of Service for Anthony Wills, Angela Crain, Kelly Pierce and Wexford employees, J. Crane, Alisa Dearmond and M. Moldenhauer. The Wexford supervisor says they are unable to identify medical providers, N. Florence and N. Yousef, concerning the above captioned matter.

If you have any questions or need any additional information, please feel free to contact me at Menard Correctional Center Legal Service Office at (618) 826-5071, ext. 7893.

Sincerely,

Shelley A. Shevlin
Legal Services

Enclosures

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit H

## McClure, Rosalynn

| | |
|---|---|
| **From:** | ilsd_nef@ilsd.uscourts.gov |
| **Sent:** | Tuesday, February 6, 2024 11:37 AM |
| **To:** | ilsd_nef@ilsd.uscourts.gov |
| **Subject:** | [External] Activity in Case 3:23-cv-03775-DWD Allen v. Jeffreys et al Waiver of Service Unexecuted |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 2/6/2024 at 11:37 AM CST and filed on 2/6/2024
**Case Name:**     Allen v. Jeffreys et al
**Case Number:**    3:23-cv-03775-DWD
**Filer:**
**Document Number:** 30

**Docket Text:**
## Waiver of Service Returned Unexecuted as to Florence and Yousef. (tjk)

**3:23-cv-03775-DWD Notice has been electronically mailed to:**

Keith B. Hill    khill@heylroyster.com, edwecf@heylroyster.com

**3:23-cv-03775-DWD Parties and Attorneys without registered email addresses requiring notice by other means:**

Keith Allen
M21830
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a