IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEITH ALLEN, #M21830, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-3775-DWD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NICHOLAS FLORENCE, M.D.'S
MOTION TO DEEM REQUESTS TO ADMIT
ADMITTED PURSUANT TO RULE 36(a)(3)**

This Defendant, NICHOLAS FLORENCE, M.D. ("Defendant"), by and through his attorneys, James D. Sloan, Zachary G. Stillman, and LITCHFIELD CAVO LLP, for his Motion to Deem Requests to Admit Admitted, pursuant to Fed. R. Civ. P. 36(a)(3), states as follows:

1. On July 25, 2025, Defendant served Plaintiff with Interrogatories, Requests for Production, and Requests to Admit. (Ex. A – 7/25/25 Requests to Admit.)

2. Under Rule 36(a)(3), Plaintiff's responses to the Requests to Admit were due 30 days later, on or about August 24, 2025. Plaintiff served no responses and made no contact.

3. On September 16, 2025, Defendant sent Plaintiff a written reminder advising that the July 25 discovery—including the Requests to Admit—was overdue and granting an additional 14 days to respond. Plaintiff again served nothing and made no contact. (Ex. B – 9/16/25 Letter.)

4. On October 6, 2025, counsel for Defendant held a telephone conference with Plaintiff. During that call, Plaintiff stated that certain materials had been taken from him and requested that discovery be resent.

5. Immediately following the call, Defendant re-served all written discovery, including the Requests to Admit, by letter dated October 6, 2025, which expressly set a new due date of November 5, 2025. (Ex. C – 10/6/25 Letter.)

6. Plaintiff did not serve responses by the extended November 5 deadline and did not contact Defendant.

7. On November 6, 2025, Defendant sent Plaintiff a final written reminder noting that the November 5 deadline had passed, giving 14 additional days to respond, and advising that Defendant would move to compel and move to deem the Requests to Admit admitted if no responses were received. (Ex. D – 11/6/25 Letter.)

8. To date, Plaintiff has served no responses to the Requests to Admit and has made no further communication regarding them.

9. Under Rule 36(a)(3), a matter is admitted unless the party served responds within 30 days. Because Plaintiff has never responded—despite multiple extensions and repeated written notices—the Requests to Admit are deemed admitted by operation of law.

10. Courts in this Circuit strictly apply Rule 36(a)(3): unanswered requests for admission are automatically deemed admitted and are thereafter "conclusively established." *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). The same standard applies to *pro se* litigants. *Harrington v. Petersen Health Ops.*, Case No. 13-cv-1024, 2014 WL 12605566, at *2 (C.D. Ill. 2014).

11. Entry of an order deeming the Requests to Admit admitted is appropriate to confirm the legal effect of Plaintiff's noncompliance and to clarify the record for purposes of summary judgment and trial.

WHEREFORE, Defendant Nicholas Florence, M.D., respectfully requests that this Court enter an order deeming his July 25, 2025 Requests to Admit admitted pursuant to Rule 36(a)(3), and granting such further relief as the Court deems proper.

Respectfully submitted,
LITCHFIELD CAVO LLP

By: */s/ Zachary G. Stillman*
Attorney for Nicholas Florence, M.D.

James D. Sloan #6256682
Zachary G. Stillman #6342749
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6650 Phone
sloanj@litchfieldcavo.com
stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 21, 2025, I filed the foregoing document with the clerk of the U.S. District Court Southern District of Illinois ECF system. I also served this pleading via U.S. Mail to the address listed below.

    /s/ Zachary G. Stillman

Keith Allen, M21830
Menard Correction Center
P.O. Box 1000
Menard, IL 62259