## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEITH ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-3775-DWD** |
| | ) | |
| **JEFFREYS et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**DUGAN, District Judge:**

Plaintiff is a state prisoner currently incarcerated at Menard Correctional Center proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant Nicholas Florence's Motion to Deem Request for Admissions Admitted Pursuant to Rule 36(a)(3). Plaintiff has responded (Docs. 115 and 116). For the reasons set forth below, the motion is **DENIED**.

## I.    BACKGROUND

On July 25, 2025, Defendant served Plaintiff with Interrogatories, Requests for Production, and Requests for Admission (Doc. 114-1). When Plaintiff failed to timely respond, Defendant sent a letter noting the outstanding discovery and granting an additional 14 days to respond (Doc. 114-2). Plaintiff again failed to respond within that period.

On October 6, 2025, Defendant conducted a telephone conference with Plaintiff, during which Plaintiff stated that he no longer had access to the discovery requests and asked Defendant to resend them. Defendant agreed and re-served the requests, setting a

new response deadline of November 5, 2025. After Plaintiff failed to respond by that date, Defendant sent a written reminder on November 6, 2025, granting another 14-day extension and warning that failure to respond would result in a motion to deem the Requests for Admission admitted. When no responses were received, Defendant filed the present motion.

In opposition, Plaintiff explains the following circumstances impeded his ability to respond. On April 15, 2025, he was temporarily transferred from Menard Correctional Center to the DuPage County Jail, where he remained until August 10, 2025. As a result, he was not at Menard in July 2025 when Defendant initially served the discovery requests. Upon his return to Menard, Plaintiff was placed in segregation in a suicide cell, where he was prohibited from possessing any personal property. He remained in segregation until September 10, 2025. After his release from segregation, Plaintiff could not access his legal materials because prison staff had sent them to storage as "excess legal exchange personal property."

Plaintiff further states that on October 5, 2025, he mailed a letter to Defendant's counsel explaining his situation and requesting additional time to respond. He sent the letter via certified mail (tracking No. 9589071052701701561644.), and he has submitted documentation showing an authorization for payment and a withdrawal from his trust fund account for postage around that time. According to the USPS website, the package was accepted on October 7, 2025, in Chester, Illinois, and remains in transit, suggesting it has been lost in the mail.

Plaintiff asserts that, after receiving the re-served discovery requests, he prepared and deposited his responses into the prison mail system on November 3, 2025. Although he has not provided a certified mail receipt for this mailing, he notes that it cost $18.00 and has submitted trust fund records showing a corresponding $18.00 withdrawal for postage on November 7, 2025.

In connection with his opposition to the motion, Plaintiff has now filed copies of his responses to the discovery requests, including his responses to the Requests for Admission.

## II.    DISCUSSION

Federal Rule of Civil Procedure 36(a)(3) provides that a matter in a request for admission is deemed admitted unless the party to whom the request is directed serves a written answer or objection within 30 days after being served, or within such other time as the court may allow or the parties may stipulate. Here, Defendant has established that Plaintiff failed to respond to the initial discovery requests served in July 2025, the extended deadline provided thereafter, and the re-served requests with a new deadline of November 5, 2025, despite an additional 14-day extension and warning.

Nevertheless, courts retain discretion under Rule 36 to extend response deadlines or decline to deem matters admitted, particularly where equitable considerations warrant relief, such as a party's *pro se* status and documented obstacles to compliance. *Pro se* litigants, especially incarcerated individuals, are entitled to liberal construction of their filings and some leniency in procedural matters. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th

Cir. 2018). *See also* *Jackson v. Lewandowski*, No. 23-CV-429-WMC, 2024 WL 4695850, at *1 (W.D. Wis. Oct. 18, 2024)

Plaintiff, proceeding *pro se* and incarcerated, has offered a credible explanation for his delays, supported by specific details and partial documentary evidence. From April to August 2025, Plaintiff was temporarily transferred to DuPage County Jail, meaning he was absent from Menard Correctional Center when the initial requests were served. Upon return, he was immediately placed in segregation in a suicide cell until September 10, 2025, where he was barred from possessing personal property, including legal materials. Even after release from segregation, his legal files remained inaccessible, having been placed in storage as excess property.

Further, Plaintiff provides evidence of efforts to communicate and comply. Trust fund records corroborate a postage withdrawal consistent with his claim of mailing a letter to Defendant's counsel on or around October 5, 2025, requesting additional time; USPS tracking indicates the item was accepted but remains undelivered, supporting the inference of postal loss rather than non-mailing. As to the responses themselves, Plaintiff asserts he prepared and deposited them into the prison mail system on November 3, 2025. Plaintiff's trust fund records show a corresponding $18.00 postage withdrawal on November 7, 2025.

Although the responses were not received by Defendant and lack a certified mail receipt, Plaintiff's *pro se* prisoner status and the supporting evidence persuade the Court to credit his assertion that the responses were timely mailed on November 3, 2025, but apparently not received due to circumstances beyond his control.

Moreover, Plaintiff has now provided responses to the Requests for Admission (Doc. 115, pp. 43-46). Deeming the requests admitted under these circumstances would impose an inappropriately harsh sanction. Rule 36 is intended to narrow issues and facilitate truth-finding, not to penalize *pro se* prisoners for institutional obstacles or postal unreliability.

Accordingly, Defendant Nicholas Florence's Motion to Deem Request for Admissions Admitted Pursuant to Rule 36(a)(3) is **DENIED**. Defendant may, if appropriate, challenge the substantive sufficiency of Plaintiff's responses through other means.

**SO ORDERED.**

Dated: January 8, 2026

/s/ *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge