IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 23-cv-3775-DWD |
| JEFFREYS et. al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Third Motion for Counsel (Doc. 113). The Motion is supported by evidence that he has attempted to secure his own counsel, and it is also supported by a memorandum wherein he argues about the various reasons he believes he needs counsel. The Court already considered these arguments in relation to Plaintiff's original Motion for Counsel (Doc. 4) and his second Motion for Counsel (Doc. 33). Nothing significant has changed since the Court's prior consideration of Plaintiff's arguments, and the Court finds that recruiting counsel is not warranted at this time.

In a civil case, the Court has discretion to recruit counsel for an indigent litigant who cannot afford to hire one. 28 U.S.C. § 1915(e)(1); *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013); *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866-67 (7th Cir. 2013). There is no constitutional right to court-appointed counsel in civil matters. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). As the Seventh Circuit has noted, deciding

whether to recruit counsel "is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

When evaluating a request to recruit counsel, the Court must consider: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has satisfied the first prong, but the Court is not persuaded that the second prong is met. Plaintiff is actively litigating this case *pro se* and has demonstrated competence to represent his interests at this stage. His recent successful opposition to Defendants' discovery motion, along with numerous coherent handwritten filings show that he is managing the proceedings effectively.

Plaintiff argues that recruitment is warranted because this is a complex medical deliberate-indifference case, he has limited legal knowledge, he reads and comprehends poorly, he has a history of psychiatric illness, the prison experiences frequent lockdowns limiting law library access and witness interviews, he lacks funds for certain litigation tasks, and he relies on other inmates for assistance. He also contends counsel is needed to navigate discovery issues (such as obtaining medical records) and to determine whether certain Defendants are state employees or Wexford contractors.

These challenges are common among incarcerated litigants, most of whom request counsel, and the Court lacks the resources to recruit lawyers for all such cases, relying

2

instead on scarce volunteer attorneys. *See Olson*, 750 F.3d at 711. Further, the mere fact that the case involves medical care does not automatically require recruitment. *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006); *Romanelli*, 615 F.3d at 853; *Williams v. Swenson*, 747 F. App'x 432, 434 (7th Cir. 2019); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018).

Plaintiff's claims pertaining to poor literacy, ability to comprehend, and reliance on inmate assistance are not credible at this time. His numerous coherent pleadings, successful defense of the discovery motion, and prior representation that he is a high school graduate with some college education (Doc. 4) undermine these assertions. The Court evaluates Plaintiff's competency irrespective of any "jailhouse lawyer" assistance. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018); Walker v. Price, No. 17-1345, 2018 WL 3967298, at *5 (7th Cir. Aug. 20, 2018). Plaintiff has not explained the extent of any such assistance, and his filings, which are numerous, show no indication they were prepared by anyone other than Plaintiff himself.

The Court does not question Plaintiff's alleged history of psychiatric illness. But his pleadings to date indicate he is managing the case despite any psychiatric issues.

Many of Plaintiff's concerns are speculative or hypothetical (*e.g.*, potential future discovery difficulties), rather than specific obstacles he has encountered. Plaintiff must identify specific challenges he faces in litigating this particular case, rather than relying on broad apprehensions about potential future complexity. Additionally, questions about Defendants' employment status can be addressed through written discovery, which Plaintiff has not shown he is unable to propound.

Although "the assistance of counsel becomes increasingly important as litigation enters its later stages," *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018), the case remains in the discovery phase and is approaching dispositive motions. Unfamiliarity with legal proceedings and a degree of complexity do not necessarily justify recruitment. *Johnson*, 433 F.3d at 1007–08 (medical evidence and lack of prior litigation experience do not necessarily require attorney's assistance).

Plaintiff's motion for recruitment of counsel is **DENIED** without prejudice. If the case proceeds toward trial, becomes significantly more complex, or it otherwise appears that Plaintiff cannot adequately litigate it pro se, the Court will reconsider recruitment of counsel.

**SO ORDERED.**

Dated: January 9, 2026                                  /s/ *David W. Dugan*
                                                        _____
                                                        DAVID W. DUGAN
                                                        United States District Judge