IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH ALLEN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:23-cv-3775-DWD |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| ET AL., | ) |
| | ) |
|        Defendants. | ) |

# MEDIATION REFERRAL ORDER
# AND APPOINTMENT OF MEDIATOR

**DUGAN, District Judge:**

This prisoner civil rights case is now past threshold review and exhaustion of administrative remedies is no longer at issue. However, the deadline for filing dispositive motions on the merits has not yet passed. Thus, the Court finds the case is appropriate for referral to the Mandatory Mediation Program as provided in Section 2.1(B) of the Court's Mediation Plan ("Plan"), *see* SDIL-LR Appendix C, to promote "a more efficient and less expensive alternative to continuing litigation, without impairing the quality of justice or the right to trial." *See* Section 1.2(A).

The Court recognizes that each case is unique and that, in some cases, "the parties may have enough information to fully evaluate the case after the exchange of written discovery. In others mediation may not be appropriate until much later." *See* Plan Section 3.1A. In referring this case to mediation, it is the Court's intention to schedule the mediation at a time when the case has evolved to the point where the parties can engage

in meaningful and productive negotiations.

With this in mind, the Court **ORDERS** as follows:

1. The parties, counsel, and the parties' representatives, if any, shall engage in a single mandatory mediation session. The Plan and related information can be found in SDIL-LR Appendix C. A copy of the Plan is attached to this Order.

2. The Court Attorney and ADR Coordinator Megan Arvola is appointed as the Mediator in this matter. Ms. Arvola is an attorney and trained mediator. She previously served as a term law clerk to a former district judge in this district for three years. After serving as a law clerk, she represented clients in private civil practice for over eight years before returning to the Court. As she is an employee of the Court, her appointment is without charge to the parties. Ms. Arvola serves as a neutral in this matter and is not a decision maker. Ms. Arvola is bound by the confidentiality provisions of the Plan, as are the parties, counsel, and the parties' representatives. Participants in the mediation session are directed to review the confidentiality provisions of Section 3.8, as well as the entire Plan.

3. Within **14 days** from the date of this Order, any party may move to opt out of the Program using the event titled "Motion to Opt Out of Mandatory Mediation." The responding party has **seven days** to file a response. No replies may be filed. Thereafter, the Court shall enter an Order. Motions to opt out shall be granted only for "good cause" shown and they must set forth specific reasons why mediation has no reasonable chance of being productive and identify when the case may be in a better posture to explore settlement.

4. If a motion to opt out is either not filed or denied, the Court will enter an Order

directing the mediator to set a single mediation session no later than **30 days before the close of discovery**. In light of the timing for the mediation, it is unlikely that insufficient discovery, at this juncture, will show good cause for an opt out.

5. The referral of this case to the Program will not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial.

6. If the parties agree that it would be beneficial to set the mediation session at an earlier date, the parties shall file a motion with the Court. Parties that choose to proceed with mediation at an earlier date may also request a stay of proceedings if they feel that would allow for a more productive mediation session.

7. Participants in the mediation session may discuss the case in confidence and *ex parte* with Ms. Arvola. Both sides are encouraged to engage in communication with Ms. Arvola prior to the mediation session to discuss the case, her role, the process generally, and the importance of confidentiality in the mediation process.

8. In the event a settlement in principle is reached, Ms. Arvola may make a record of the material terms, but there will be no other recordings of the mediation session. Any recording of the material terms will remain confidential unless a dispute arises regarding the settlement.

9. At the conclusion of the single mediation session, Ms. Arvola will file a Report of Mandatory Mediation on the docket that states the outcome of the session but does not disclose confidential communications.

10. The parties shall participate with Ms. Arvola in conformance with the Plan. Any failure to conform to the provisions of the Plan or this Order are sanctionable by

the Court.

**SO ORDERED.**

Dated: January 28, 2026

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge
