# APPENDIX C: MEDIATION PLAN

## SECTION 1 - INTRODUCTION AND AUTHORITY

**1.1. TITLE**

This Mediation Plan ("Plan") will serve as the guidelines for the Court's Mediation Program ("Program").

**1.2. PURPOSE AND SCOPE**

  A. **Purpose**. The United States District Court for the Southern District of Illinois has adopted this Plan. The Program is designed to provide a more efficient and less expensive alternative to continuing litigation, without impairing the quality of justice or the right to trial.

  B. **Scope**. This Plan applies to civil actions as indicated herein.

  C. **Magistrate Judge Consent Cases**. Consistent with Local Rule of Civil Procedure 72.2, in cases where the parties have consented to jurisdiction by a Magistrate Judge under 28 U.S.C. § 636, the Magistrate Judge shall have the same powers as a District Judge.

  D. **Plan Administration**.

   1. **Mediation Coordinator**. The Mediation Coordinator shall be designated by the Clerk of Court to be responsible for the administration of the Program and to assist in its implementation and evaluation. These responsibilities include working with litigants, lawyers, neutrals, judges, and court staff concerning all aspects of the Program. The Mediation Coordinator shall also be available to serve as a neutral in select cases without charge to the parties when appointed by the Court.

   2. **Information and Guidelines**. Information about the Program and any other Alternative Dispute Resolution ("ADR") programs that may be adopted by the Court are available at https://www.ilsd.uscourts.gov/mediation-program and at the Clerk of Court's office.

   3. **Inquiries**. All inquiries about the Program and any other ADR programs that may be adopted by the Court should be directed to: Mediation@ilsd.uscourts.gov.

# SECTION 2 – OVERVIEW

**2.1. REFERRAL INTO THE MEDIATION PROGRAM**

A. **Automatic Referral of Non-Exempt Civil Cases**. Promptly upon assigning a presumptive trial date, the assigned District Judge or Magistrate Judge (collectively, "Presiding Judge") shall enter an Automatic Mediation Referral Order advising the parties that the case has been identified as a Non-Exempt Civil case subject to **automatic** referral into the Program.

B. **Discretionary Referrals of Exempt Civil Cases**. The Presiding Judge on *any* pending civil case may, *sua sponte* or at a status conference or upon motion, refer a case into the Program by entering a Discretionary Mediation Referral Order. Exempt civil cases subject to **discretionary** referral may include the following categories:

- *Habeas corpus* and extraordinary writs;
- Applications to vacate a sentence;
- Prisoner civil rights cases;
- Social security appeals;
- Bankruptcy appeals;
- IRS summons enforcement actions;
- Government foreclosure actions;
- Civil asset forfeiture actions;
- Purported class actions;
- Any action to enforce a government summons, subpoena, or civil investigative demand; and
- Non-prisoner pro se actions.

C. **Stipulation**. A case may be referred into the Program by stipulation of all parties. Stipulations shall be filed on the docket. If the Presiding Judge concludes that the stipulation is acceptable, he or she will refer the case into the Program by entering a Discretionary Mediation Referral Order. Stipulations are presumed acceptable unless the Presiding Judge determines that the interests of justice are not served.

**2.2. RELIEF FROM MEDIATION REFERRAL**

A. **Opt-Out Motions**. Motions to opt out of the Program shall be filed on the Court's docket using the event "Motion to Opt Out of Mediation." Motions to opt out of the Program should be filed prior to the Rule 16 conference so that they may be addressed at the conference. If no Rule 16 conference is held or referral is ordered after the Rule 16 conference, motions to opt out of the Program shall be filed in the

timeframe prescribed by the Presiding Judge, or within 14 days of the referral if no specific timeframe is ordered.

B. **Criteria**. Motions to opt out shall be granted only for "good cause" shown. Inconvenience, travel costs, attorney fees, or other costs typically will not constitute "good cause." Each Presiding Judge may identify criteria that he or she finds to establish good cause in a particular case. A party seeking relief from the Program must set forth specific and articulable reasons why mediation has no reasonable chance of being productive and identify when the case may be in a better posture to explore mediation.

C. **Judicial Initiative**. The Presiding Judge may, *sua sponte,* exempt any case from the Program.

**2.3. VIOLATIONS OF THE MEDIATION PROGRAM**

A. **Informal Resolution**. Parties, counsel, and mediators must first informally present a complaint alleging a violation of the Plan to the Mediation Coordinator, either in writing to Mediation@ilsd.uscourts.gov or verbally. Parties, counsel, and mediators are strongly encouraged to informally resolve such matters and work with the Mediation Coordinator to best protect the confidentiality of the mediation process. In the event the Mediation Coordinator also served as the mediator for the complaint at issue, the party, counsel, and/or mediator reporting the complaint may proceed to Section B., below.

B. **Report of Violation**. If an informal resolution is not reached, a mediator, party, or counsel may report in writing a complaint alleging a violation of the Plan. The report, and an accompanying declaration, must be sent to all parties, the mediator, and the Mediation Coordinator via email at Mediation@ilsd.uscourts.gov, but shall not be filed on the docket.

C. **Proceedings and Sanctions in Response to Report of Violation**. Upon receipt of such a report, the Mediation Coordinator will consult with the Presiding Judge and the Presiding Judge may take whatever action he or she deems appropriate, including issuing an order to show cause why sanctions should not be imposed. Show cause proceedings may be conducted on the record, but under seal.

## SECTION 3 – MEDIATION REFERRAL

**3.1. TIMING**

A. **Overview**. **The referral of a case to the Program does not automatically delay or defer other dates established in the Scheduling Order and has no effect on the**

**scheduled progress of the case toward trial.** The Presiding Judge will determine when mediation must be completed. The Program contemplates that mediation will be conducted at a point in the litigation where the parties have had the opportunity to evaluate the strengths and weaknesses of the case, but before incurring the time and expense of filing and responding to dispositive motions. The Program also was designed with an understanding that each case is unique. In some cases, the parties may have enough information to fully evaluate the case after the exchange of written discovery. In others, mediation may not be appropriate until much later.

B. <u>Extensions</u>. If the parties and mediator agree that extensions of the deadline to complete the mediation process are appropriate, the parties, not the mediator, should notify the Court. However, any extensions of the mediation process should not impact the original Scheduling Order in the case. Notification of agreed extensions may be filed via a stipulation on the docket and a proposed order should be submitted via email to the Presiding Judge.

C. <u>**Automatic Referrals.**</u>

1. **Duty to Confer.** Prior to the Rule 16 scheduling conference, counsel shall confer about the Program as part of their discussion of "the possibilities for a prompt settlement or resolution of the case" pursuant to Federal Rule of Civil Procedure 26(f). The parties shall attempt to agree upon a mediator and, at the scheduling conference, shall be prepared to report on the outcome of their discussion pursuant to Rule 16.

2. **Deadlines**. Unless otherwise ordered, the following deadlines shall apply:

   a. **Mediator Selection**. The parties shall have **28 days** from the Rule 16 Conference to select a mediator and file a Stipulation Selecting Mediator on the Court's docket using the event "Stipulation Selecting Mediator."

   b. **Completion of Mediation Session**. The requisite Mediation Session shall be completed no later than **30 days before the discovery deadline**.

   c. **Completion of Mediation Proceedings**. All mediations, including additional mediation sessions, if any, are strongly encouraged to be completed no later than **15 days** after the discovery deadline.

   d. **Continued Mediation Sessions**. At the close of the Mediation Session, the mediator and the parties shall jointly determine whether it would be appropriate to schedule additional mediation proceedings. Follow-up

could include, without limitation, written reports, telephonic discussions, facilitated negotiations between the parties with the mediator available for assistance, or further mediation sessions.

e. **Scheduling Subsequent Mediation Sessions**. If the Mediation Session is not successful in resolving the case, the parties are encouraged to schedule subsequent sessions to explore and evaluate the possibility of reaching a mutually acceptable resolution. Additional sessions are strongly encouraged to be completed by the date for completion of all Mediation Proceedings if set forth in the Court's Initial Scheduling Order (**15 days** after the deadline for completion of discovery).

f. **Initial Scheduling Order**. The Court will file the Initial Scheduling Order immediately following the Rule 16 scheduling conference. The Initial Scheduling Order will specify a date certain for all deadlines referenced in § 3.1.C.2 unless otherwise ordered by the Court.

D. **Discretionary Referrals.**

1. **Deadlines**. If the Presiding Judge determines a case included in an "exempt" category should be referred to mediation, the Mediation Referral Order will address any applicable deadlines. Opt-Out Motions, if any, must be filed within 14 days of the entry of the Mediation Referral Order, unless ordered otherwise, and must comply with the provisions of § 2.2.A.

2. **Non-Prisoner Pro Se Cases and Prisoner Civil Rights Cases.**

    a. **Mediation Session**. Non-Prisoner Pro Se and Prisoner Civil Rights Cases will be initially scheduled for a single mediation session. The Presiding Judge will set a date or timeframe in which the mediation session should be held.

    b. **Minimum Duration**. The minimum duration for the mediation session is two hours, but the parties are encouraged to spend additional time unless the mediator determines that additional time would not be productive.

    c. **Session Termination**. The mediation session shall be terminated after six hours of mediation, unless the parties and the mediator agree to continue the session.

    d. **Continued Mediation Sessions**. There shall be only one mediation session unless otherwise ordered by the Court. Additional mediation sessions, if any, must be conducted within any timeframe set by the Court.

3.  **Pro Se Cases**. If the Presiding Judge determines that mediation is appropriate, he or she may enter a Pro Se Mediation Referral Order referring the case into the Program for a single Mediation Session and appointing a mediator.

    a.  The Presiding Judge may, in his or her discretion, appoint "Special Mediation Counsel" (if available). If Special Mediation Counsel is appointed, he or she shall promptly file a Notice of Limited Appearance of Special Mediation Counsel using the event "Notice of Limited Appearance of Special Mediation Counsel." Program referrals in pro se cases may be withdrawn if the Court cannot recruit Special Mediation Counsel. [1]

### 3.2. SELECTION OF MEDIATOR

A.  **Mediation Panel List**. The Court shall maintain a list of approved mediators for the Program ("Panel"). Each mediator shall provide to the Court information on his or her area(s) of expertise and compensation rates.

B.  **Private Mediators**. The parties may select a mediator other than from the Court's Panel only upon approval of the Presiding Judge upon a showing of good cause. Any request to use a mediator other than from the Panel should be filed on the Court's docket using the event "Motion to Appoint Private Mediator." Such motions must be supported by an Attestation Regarding Private Mediator, which should be attached as an exhibit to the motion. When a mediator is selected from other than the Panel, the parties will be responsible for filing the mediation report with the Court.

C.  **Selection.**

    1.  **Notification**.

        a.  The parties must confirm the mediator's availability, including a conflict check, and electronically file a Stipulation Selecting Mediator on the Court's docket using the event "Stipulation Selecting Mediator." Counsel shall notify the mediator of their selection as mediator and the mediation deadline.

        b.  If the parties fail to agree upon a mediator within the deadline, the parties shall notify the Court by submitting an e-mail to: Mediation@ilsd.uscourts.gov. The subject line of the e-mail shall include

---

[1] Section 5 of this Plan contains additional information and guidelines regarding Special Mediation Counsel.

    the case name and number and the name of the Presiding Judge. The e-mail shall state that parties have failed to agree upon a mediator. The Court shall then select a mediator for the case from the Panel or appoint the Mediation Coordinator in his or her discretion and shall issue an Order notifying the parties of the mediator's identity.

    **c.** Should a mediator assigned by the Court require documents filed within the assigned case, he or she may contact the Clerk's Office for assistance.

**2. Non-Prisoner Pro Se Cases and Prisoner Civil Rights Cases.** In Non-Prisoner Pro Se cases and Prisoner Civil Rights Cases, the Court will appoint a mediator. The Court will notify the mediator of his or her selection as mediator and the mediation deadline.

### 3.3. SCHEDULING AND LOCATION

**A. Scheduling.**

1. **Pre-mediation Session Communications.** Promptly upon being selected or appointed, the mediator shall communicate, jointly or separately, with counsel and/or any pro se party, to address any issue important to the mediation session at the outset, including but not limited to, the timing of the mediation session in relation to the posture of the case, who will be in attendance, and whether a demand or request for relief has been discussed. The date and place of the mediation session will be set by the mediator in compliance with the deadlines set by the Court. **If any pro se party is incarcerated, the mediator shall make all reasonable attempts to communicate pre-mediation with the pro se party but is not required to do so if it is infeasible.**

**B. Location.**

1. **In-person. In-person** mediation sessions shall be held in the mediator's office, unless otherwise agreed. Space may be available at the U.S. Courthouse upon request through the Clerk of Court. All such inquiries should be directed to: Mediation@ilsd.uscourts.gov.

2. **Remote.** The mediator may, in his or her discretion, allow one or more attendees to participate remotely or conduct the entire mediation remotely. The decision as to whether attendance must be in-person or may be remote shall be solely within the discretion of the mediator. Unless excused by the mediator for good cause shown, when appearing remotely, persons must be visibly present in front of their camera with audio and video turned on whenever the mediator is present so that audio and visual interaction with all participants

can occur. **Any participant that appears remotely must ensure they are remotely connected in a quiet and secure location that will protect the confidentiality of the mediation and allow meaningful participation.**

**3.4. <u>MEDIATION MEMORANDUM</u>**

A. <u>Time for Submission</u>. Unless the mediator states otherwise, no later than 10 days before the scheduled mediation session, each party shall submit to the mediator a written "Mediation Memorandum." In his or her discretion, a mediator may excuse the submission of Mediation Memorandum from pro se parties.

B. <u>Prohibition Against Filing</u>. Mediation Memoranda shall not be filed with the Court. The mediator shall not share Mediation Memoranda with the opposing side without the authoring party's permission, and the Presiding Judge shall not have access to them. They shall be subject to the confidentiality of the mediation process and treated as a document prepared "for settlement purposes only."

C. <u>Content of Mediation Memoranda</u>. The content of Mediation Memoranda shall be determined by the mediator.

**3.5. <u>COMMUNICATIONS WITH THE MEDIATOR</u>**

At any time, the mediator may request additional information from any party or participant and discuss the case in confidence and *ex parte* with counsel, parties, and/or their representatives. The mediator shall not disclose any confidential communication, including the Mediation Memoranda and submissions, without permission. Mediation participants are encouraged to discuss potential demands or requested relief in pre-mediation discussions with the opposing side and the mediator to help inform and facilitate productive mediation sessions.

**3.6. <u>ATTENDANCE AND PARTICIPATION</u>**

A. <u>Parties</u>. All named parties and their counsel (if represented by counsel) are required to attend the mediation session(s). However, the mediator has discretion to decide that a named party's attendance is not required if an individual is in attendance who has full authority to resolve the matter on behalf of the named party and is knowledgeable about the facts and circumstances of the case and the claims being made. Meaningful participation is required; mere availability is not attendance.

1. **Corporation or Other Entity**. A corporation or other entity satisfies the attendance requirement if represented by one or more persons (other than

outside counsel) who have authority to settle and are knowledgeable about the facts and circumstances of the case and the claims being made.

   2. **Government Entity**. A unit or agency of government satisfies the attendance requirement if represented by one or more persons who have, to the greatest extent feasible, authority to settle, and who are knowledgeable about the facts of the case, the agency's or unit's position, and the procedures and policies under which the agency or unit decides whether to enter into proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual shall also attend.

B. **Counsel**. Each party shall be accompanied at the mediation session by the attorney who will be primarily responsible for handling the trial of the matter and/or is most familiar with the matter at that stage of the proceeding. Pro se parties shall be accompanied at the mediation session by Special Mediation Counsel if appointed.

C. **Proper Representative(s)/Insurers**. All representatives of a party, including insurers, are required to attend if their participation is necessary to resolve the matter, in whole or in part. The representatives must have authority to resolve the matter and be knowledgeable about the facts and circumstances of the case and the claims being made. If it appears to the mediator that a case is not being reasonably evaluated by the representative present, the mediator may meet privately with one or both sides to determine the analysis that has gone into the evaluation of the case, including the names and the authority of the individual involved in the analysis. The mediator may request identified individuals or designate a level of authority to be present if subsequent sessions are scheduled.

D. **Other Attendees**. The mediator has discretion to require or allow any non-party to participate in the proceedings, provided that the non-party agrees to confidentiality and the mediator has no reason to believe a non-party will impede the process.

E. **Meaningful Participation in the Process**. All parties and counsel shall meaningfully participate in the mediation by being fully prepared and knowledgeable about the matters at issue, having all participants with full authority to resolve the matter present and in attendance, and by conformance with all other provisions of this Plan. Any issue that may present an impediment to full resolution of the matter at the mediation session shall be brought to the attention of the mediator well in advance of the session, ideally during the initial conference when scheduling matters are discussed.

### 3.7. THE MEDIATION SESSION

The mediator shall determine how the mediation shall be conducted. The mediator may inform the parties of the process at the beginning of the mediation, in a pre-mediation conference with the parties, or through a set of standing mediation procedures. Any communications to the mediator during a "caucus" shall not be disclosed by the mediator to any other party without permission. The mediation session shall be conducted with civility and utmost professionalism by all participants.

### 3.8. CONFIDENTIALITY IN MEDIATION

   A. Mediation is confidential and private. No participant in the mediation process or any portion thereof may communicate confidential information acquired during mediation without the consent of the disclosing party. There shall be no stenographic or electronic recording, e.g., audio or visual, of the mediation process except that in Non-Prisoner Pro Se Cases and Prisoner Civil Rights Cases, there may be a recording of the material terms if another means of memorializing such terms is not readily feasible.

   B. All written and oral communications related to any mediation, including pre- and post-mediation communications, are privileged and confidential and should not be disclosed to any third-party, nor posted on social media. Questions regarding confidentiality should first be directed to the Mediation Coordinator.

   C. There shall be no communication between the Presiding Judge and the mediator regarding a case referred for mediation.

   D. No communication made in connection with or during any mediation session may be disclosed or used for any purpose including impeachment in any pending or future proceeding in the Court.

   E. The confidentiality of information disclosed during mediation does not prohibit or limit:

   1. The Court from collecting information relative to evaluation of the Program;

   2. The mediator, parties, or other participant from reporting a complaint alleging a violation of the Plan pursuant to § 2.3 above;

   3. The filing of "mediation reports" pursuant to § 3.10;

   4. Seeking to enforce a settlement agreement;

5. A party from disclosing the final resolution and settlement reached unless, in the interest of justice, the parties have agreed to the confidentiality of same; or

6. A participant from making such disclosures as are required by law.

### 3.9. MEDIATION REPORTS AND OTHER FILINGS OR SUBMISSIONS

A. Within seven days after the close of each mediation session, a Report of Mediation shall be electronically filed on the Court's docket using the event "Report of Mediation." The report will advise the Court of the date the session was held, whether the case settled in whole or in part, and whether any follow up is scheduled.

B. For motions, filings, or submissions other than the Report of Mediation that a mediator without electronic filing capabilities deems necessary, the mediator shall email the document to Mediation@ilsd.uscourts.gov for either electronic filing or submission to the appropriate judge, depending on the document.

C. Congress has mandated that district courts' ADR programs be evaluated. Within seven days after the final mediation session has ended, the mediator and attorneys for the parties shall complete the survey regarding the Program emailed to them on behalf of the Clerk of Court. The information gathered during the survey period at the conclusion of each mediation will be used to study the effectiveness of this program. The sources of specific information will not be disclosed to the Presiding Judge or in any report.

### SECTION 4 – MEDIATORS

### 4.1. MEDIATOR PANEL

Applicants interested in the Panel must complete and submit the Mediator Application. Approved applicants will be contacted via email and directed to complete and submit the Mediator Oath or Affirmation prescribed in 28 U.S.C. § 453. The Mediator Application and Oath or Affirmation shall be submitted via email to Mediation@ilsd.uscourts.gov. After submission of the Mediator Oath or Affirmation, approved applicants will receive instruction regarding completing their online mediator profile for inclusion in the Panel. The Chief Judge shall certify as many mediators as determined to be necessary under this Plan for admission to the Panel. The Chief Judge may, in his or her discretion, appoint other Judicial Officers of this District to assist in reviewing the Mediator Applications and certifying the mediators. Membership on the Panel is a privilege, not a right. The Court shall have the authority to establish qualifications for mediators, monitor their performance, and withdraw any mediator from the Panel.

### 4.2. PRO BONO SERVICE REQUIREMENT

A. **Duty to Accept Assignments**. Every member of the Panel shall be available for assignment by the Court to provide mediation services pro bono. Assignments shall be made in such a manner that no member of the Panel shall be required to accept more than one pro bono mediation assignment during any 12-month period. The minimum duration for a pro bono mediation session shall be two hours and, absent agreement of the parties and the mediator, shall not exceed six hours.

B. **Relief from Assignment**.

   1. A mediator may apply to be relieved of an order of assignment. A mediator may be relieved of an order of assignment on such other grounds as the Presiding Judge finds adequate.

   2. A request to be relieved from an order of assignment shall be made promptly after the mediator becomes aware of the existence of such grounds. Any request for relief from an order of assignment shall be electronically filed in CM/ECF using the event "Application for Relief from Mediator Assignment." Mediators who are not admitted to practice in the Southern District of Illinois and/or who do not have the ability to file on the Court's electronic docketing system shall email the Application for Relief from Assignment to Mediation@ilsd.uscourts.gov.

C. **Removal from the Panel**.

   1. A mediator who is not relieved of an assignment but still refuses to provide pro bono mediation services in the assigned case shall, on order of the Court, be removed from the Panel for two years.

   2. A mediator who is relieved of an order of assignment on two or more occasions during any 12-month period shall be referred to the Chief Judge to assess whether the mediator's continued participation in the Panel is appropriate. If it is determined that the mediator is unable to comply with the duty to accept pro bono assignments, the mediator, on order of the Chief Judge, shall be removed from the Panel for two years.

   3. A mediator removed from the Panel must reapply for admission and will only be admitted upon the approval of the Chief Judge. A mediator securing readmission to the Panel will be assigned a pro bono mediation case at the earliest opportunity.

### 4.3. QUALIFICATIONS OF MEDIATORS

A. **Requisite Skills**. To effectively assist ADR participants and the Court, members of the Panel must:

   1. Be knowledgeable about federal civil litigation.

   2. Have strong mediation process skills and the temperament to listen effectively and facilitate communication between all participants and across "party" lines.

   3. Exhibit strong problem-solving skills and the ability to generate meaningful options to assist parties and other participants with settlement negotiations.

B. **Who May Qualify**. An individual may be admitted to the Panel at the discretion of the Chief Judge, or any other Judicial Officer designated to assist in the review and certification of Mediator Applications, if:

   1. He or she has been a member of the bar of the highest court of a state or the District of Columbia for a minimum of seven years;

   2. He or she has been determined by the Chief Judge to be competent to perform the duties of a mediator; and

   3. He or she has not demonstrated any trait or behavior that is reasonably believed by the Chief Judge to be contrary to the effective and efficient management of the Program.

C. **Non-Attorneys**. Non-attorneys may apply provided they are professional mediators who would otherwise qualify as a special master or they are professionals whom the Court has determined to be competent to perform the duties of the mediator.

D. **Training**. Although training is not required for admission on the Panel, the Court may periodically direct that all Panel members attend mediation training. The Court may also, on a case-by-case basis, require new Panel members to attend training as a condition of admission to the Panel.

E. **Oath**. All persons serving as mediators shall take the oath of affirmation prescribed in 28 U.S.C. § 453.

F. **Mediators not Admitted in the Southern District of Illinois.** Mediators who are not admitted to practice in the Southern District of Illinois and/or who do not have

>    the ability to file reports on the Court's electronic docketing system shall email the required mediation reports to Mediation@ilsd.uscourts.gov. If the mediator does not file the required report, then the parties will be responsible for filing the report as set forth in § 3.10 of the Plan.
>
>  G. **Disqualification and Unavailability of Mediators**.
>
>     1. **Disqualification**. A mediator may be disqualified for bias or prejudice, pursuant to 28 U.S.C. § 144. A mediator who discovers a circumstance requiring disqualification shall immediately notify all counsel, unrepresented parties, and the Court. A mediator shall disqualify himself or herself in any case in which a justice, judge, or magistrate judge would be disqualified pursuant to 28 U.S.C. § 455, subject to the waiver provision of 42 U.S.C. § 455(e).
>
>     2. **Objections to Mediator Selected by Court**. Prior to the issuance of an Order designating a mediator, the Court will contact the selected mediator who will review the case for possible conflicts. Following issuance of the Court's Order, a party who believes a disqualifying conflict exists should first confer with the mediator. If the matter is not resolved by, for example, waiver or recusal, a motion and supporting affidavit shall be filed with the Court with the Presiding Judge within **14 days** from the Court's Order, stating the facts and the reasons for the belief that a disqualifying conflict, bias, or prejudice exists. In the event a conflict or other objection does not become apparent until after the mediation process has commenced, a motion for disqualification must be made at the earliest opportunity or the objection is waived.
>
>     3. **Unavailability**. A mediator who later becomes unable to serve within the time period set forth in the Court's Scheduling or Referral Order shall notify all counsel, unrepresented parties, and the Court.
>
>     4. **Selection of New Mediator**. In the event of disqualification or unavailability, a new mediator shall be selected by agreement of the parties or, in the event the parties are unable to agree, by the Presiding Judge. In all Non-Prisoner Pro Se cases and Prisoner Civil Rights Cases, a new mediator will be selected by the Court.

**4.4.    IMMUNITIES**

All persons serving as mediators in the Program are performing quasi-judicial functions and are entitled to all the immunities and protections that the law affords to the performance of tasks integrally related to the judicial process, including settlement and alternative dispute resolution.

Page **14** of **17**

**4.5.** **COMPENSATION OF MEDIATORS**

**A.** **Automatic and Discretionary Referrals.**

1. Mediators shall be paid the rate of compensation agreed to and negotiated by the parties, either per hour or per mediation session, including preparation time. Information about each mediator's experience and rate of compensation is available on the Court's website to assist the parties in selecting a mediator best suited for a particular case. If the mediation is canceled by the parties less than 48 hours prior to the mediation session, the parties will be responsible for one hour of mediation time each to compensate the mediator for his or her preparation time.

2. Mediators may require that counsel and/or parties sign an agreement confirming the terms of retention and compensation.

3. Time spent in travel by mediators is not reimbursable under this program unless the parties consent to cover travel costs.

4. Mediator fees shall be divided equally among all separately represented parties, unless otherwise agreed or ordered by the Court. Mediator fees shall be paid by the parties directly to the mediator within **14 days** of the conclusion of mediation. Any failure to pay the mediator may be raised as a violation of the Plan under § 2.3.

5. A party who has been granted *in forma pauperis* status is automatically relieved of his or her pro rata share of the mediator's fee. All other parties shall continue to bear their pro rata portions of the fee. The mediator may file a written request with the Court seeking reimbursement of a share of his or her fees pursuant to SDIL-LR 83.13.

6. A party who has not sought *in forma pauperis* status but is financially unable to pay all or part of the pro rata share of the mediator's fee may move for a waiver of the fee requirement. The Court may direct that the portion of that party's share of the mediator's fee be paid pursuant to SDIL-LR 83.13.

7. In cases involving government entities, the mediator, upon request, shall provide a W-9 Form to the government party making payment to them.

8. The Presiding Judge may, in any case he or she deems appropriate, appoint a mediator and direct that the mediator's entire fee be paid pursuant to SDIL-LR 83.13.

    9. The appointment of the Mediation Coordinator as mediator is in the discretion of the Presiding Judge and comes at no cost to the parties.

B. **Pro Bono Assignments**. As set forth in § 4.2, every member of the Panel shall be available for assignment by the Court to provide mediation services pro bono. The appointment of a pro bono mediator is in the discretion of the Presiding Judge. Any case that is assigned a pro bono mediator will be subject to the mediation session limitations set forth in § 4.2. A mediator may make a written request to the Chief Judge that his or her hours be treated as a pro bono appointment to satisfy the district's pro bono requirement.

## SECTION 5 – SPECIAL MEDIATION COUNSEL

A. **Special Mediation Counsel**. The Presiding Judge may, in his or her discretion, attempt to locate pro bono counsel to represent a pro se party or parties in the Mediation Proceedings.

B. **Service to the Bar and Court**. Special Mediation Counsel performs duties as a pro bono service to the Court, litigants, and the bar. Any out-of-pocket costs Special Mediation Counsel incurs during representation of the pro se party, including costs associated with obtaining copies of materials filed prior to appointment and in attending mediation sessions, may be reimbursed from the District Court Fund in accord with § 2.14 of the Plan for the Administration of the District Court Fund, as funds are available. Motions for reimbursement out of the District Court Fund shall be filed no later than 30 days from entry of judgment, or reimbursement is waived.

C. **Duties of Special Mediation Counsel.**

    **1.** Within seven days of filing of the Order Appointing Special Mediation Counsel, Special Mediation Counsel shall file a Notice of Limited Appearance of Special Mediation Counsel using the event "Notice of Limited Appearance of Special Mediation Counsel" and shall contact the pro se party to help prepare for the Mediation Session.

    **2.** On the agreed upon or set date, Special Mediation Counsel shall attend the Mediation Session and provide assistance to the pro se party. Thereafter, the Special Mediation Counsel shall help the pro se party complete any follow-up to the Mediation Session, including the processing of a settlement agreement when necessary.

3. Special Mediation Counsel represents the pro se party solely for purpose of the Mediation Proceedings. Special Mediation Counsel will provide no other legal service of any kind in the case without prior written authorization by the Court to do so.

4. Special Mediation Counsel's representation of the pro se party will terminate at the conclusion of the Mediation Proceedings. If the mediation session does not result in settlement, at the conclusion of mediation procedures, the Court shall issue an order relieving Special Mediation Counsel, if any, of further representation duties and terminating the attorney-client relationship.

### SECTION 6 – COMPLETION OF MEDIATION

A. **Events Constituting Completion of Mediation**. Mediation shall be considered to have been completed upon the happening of one of the following events:

   1. The entry of an order granting a Motion to Opt Out of Mediation, withdrawing a case from the Program, or otherwise terminating the mediation proceedings.

   2. The filing of a Report of Mediation indicating that mediation is complete, and the case did not settle.

   3. The filing of a Report of Mediation indicating that the case has settled.