IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH ALLEN, #M21830, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 23-cv-3775-DWD |
| | ) |
| WEXFORD HEALTH SOURCES, INC, et al. | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT NICHOLAS FLORENCE, M.D.'S
MOTION TO OPT OUT OF MANDATORY MEDIATION**

This Defendant, NICHOLAS FLORENCE, M.D., by and through his attorneys, James D. Sloan, Zachary G. Stillman, and LITCHFIELD CAVO LLP, pursuant to this Court's Instructions in its January 28, 2026, Order, referring this Case to Mediation (ECF No. 123), and for his Motion to Opt out of Mandatory Mediation, states as follows:

1. On January 28, 2026, this Court entered its Mediation Referral Order referring this prisoner civil rights matter to a single mandatory mediation session and permitting any party to move to opt out within fourteen days upon a showing of "good cause." (ECF No. 123 at p. 2.)

2. The Mediation Plan provides that motions to opt out shall be granted only for "good cause" shown and must set forth specific and articulable reasons why mediation has no reasonable chance of being productive and identify when the case may be in a better posture to explore settlement.

3. Good cause exists to excuse Dr. Florence from mandatory mediation because mediation at this juncture has no reasonable likelihood of being productive as to him.

4. Plaintiff's claims against Dr. Florence arise from his involvement as a radiologist who reviewed and interpreted an x-ray of Plaintiff's right hand, taken on August 20, 2021.

5. The x-ray films were taken at Menard Correctional Center and send by either mail or FedEx to Bloomington Radiology in Bloomington, Illinois, for interpretation.

6. Dr. Florence was employed by Bloomington Radiology at the time. He reviewed and interpreted the films on August 26, 2021, and subsequently prepared a written radiology report summarizing his findings which was transmitted back to Menard Correctional Center.

7. There is no evidence that Dr. Florence had any further involvement in Plaintiff's medical care, treatment decisions, follow-up, or grievance process.

8. Dr. Florence is of the opinion that his interpretation of the August 20, 2021 x-ray was within the applicable standard of care.

9. Defendants have retained a board-certified diagnostic radiologist to review the films and records. That consultant-radiologist is likewise of the opinion that Dr. Florence's interpretation of the August 20, 2021 x-ray was within the standard of care.

10. Plaintiff's Eighth Amendment claim requires proof of deliberate indifference, which is a high standard requiring evidence that Dr. Florence knowingly disregarded a substantial risk of serious harm.

11. The facts of the case nevertheless are that Dr. Florence reviewed the films, issued a written report, and had no subsequent role in Plaintiff's treatment.

12. The state law negligence claim similarly lacks evidentiary support given the expert opinion confirming that Dr. Florence's interpretation met the standard of care.

13. In light of the limited scope of Dr. Florence's involvement and the expert support for his interpretation, there is no realistic settlement value attributable to him.

14. Moreover, any settlement payment made on behalf of Dr. Florence would be reportable to the National Practitioner Data Bank, whereupon a reportable payment would require disclosure by

Dr. Florence to future employers and hospitals for credentialing and privileging purposes and may adversely affect his professional standing and future insurance premiums.

15. Because even a nominal settlement would carry significant professional consequences unrelated to the merits of the claims, Dr. Florence prefers to continue defending this case.

16. Under these circumstances, Dr. Florence respectfully requests that this Honorable Court excuse him from a mandatory mediation.

WHEREFORE, Defendant, NICHOLAS FLORENCE, M.D., respectfully requests that this Court find good cause and enter an Order excusing him from participation in the Mandatory Mediation Program, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
LITCHFIELD CAVO LLP

By: */s/ Zachary G. Stillman*
One of the Attorneys for Nicholas Florence, M.D.

James D. Sloan #6256682
Zachary G. Stillman #6342749
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6650 Phone
sloanj@litchfieldcavo.com
stillman@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 9, 2026, I filed the foregoing document with the clerk of the U.S. District Court Southern District of Illinois ECF system. I also served this pleading via U.S. Mail to the address listed below.

                                        /s/ Zachary G. Stillman

Keith Allen, M21830
Menard Correction Center
P.O. Box 1000
Menard, IL 62259