IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEITH ALLEN, #M21830,                )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        No. 23-cv-3775-DWD
                                     )
WEXFORD HEALTH SOURCES,              )
INC, et al.                          )
                                     )
        Defendants.                  )

**DEFENDANT NICHOLAS FLORENCE, M.D.'S**
**RENEWED MOTION TO OPT OUT OF MANDATORY MEDIATION**

This Defendant, NICHOLAS FLORENCE, M.D. ("Dr. Florence" or "Defendant"), by and through his attorneys, James D. Sloan, Zachary G. Stillman, and LITCHFIELD CAVO LLP, pursuant to this Court's February 13, 2026, Order (ECF No. 127) denying, without prejudice, Defendant's prior Motion to Opt Out of Mandatory Mediation (ECF No. 124), respectfully submits this Renewed Motion to Opt Out of Mandatory Mediation and states as follows:

1. On January 28, 2026, this Court entered its Mediation Referral Order referring this prisoner civil rights matter to a single mandatory mediation session and permitting any party to move to opt out within fourteen days upon a showing of "good cause." (ECF No. 123 at p. 2.)

2. The Mediation Plan provides that motions to opt out shall be granted only for "good cause" shown and must set forth specific and articulable reasons why mediation has no reasonable chance of being productive and identify when the case may be in a better posture to explore settlement.

3. On or about February 9, 2026, Dr. Florence timely filed his Motion to Opt Out of Mandatory Mediation with the Court. (ECF No. 124.)

4. On February 13, 2026, the Court denied Defendant's Motion to Opt Out of Mandatory Mediation without prejudice, finding that good cause had not yet been established at that stage of

1

the proceedings and permitting all Defendants to renew their request following further development of the record. (ECF No. 127.)

5. Since that time, Plaintiff's deposition was completed on March 5, 2026, thereby materially developing the factual record relevant to whether mediation would be productive. (*See* Transcript, attached hereto as **Exhibit A**.)

6. Further good cause now exists to excuse Dr. Florence from mandatory mediation because, in light of the developed factual record, there is no reasonable likelihood that mediation would be productive as to him.

7. Plaintiff's claims against Dr. Florence arise solely from his role as a radiologist who reviewed and interpreted an x-ray of Plaintiff's right hand, taken on August 20, 2021.

8. The x-ray films were taken at Menard Correctional Center and sent by either mail or FedEx to Bloomington Radiology in Bloomington, Illinois, for interpretation.

9. Dr. Florence was employed by Bloomington Radiology at the time. He reviewed and interpreted the films on August 26, 2021, and prepared a written radiology report summarizing his findings, which was transmitted back to Menard Correctional Center.

10. There is no evidence that Dr. Florence had any further involvement in Plaintiff's medical care, treatment decisions, follow-up, or grievance process.

11. Plaintiff's deposition testimony confirms the limited nature of Dr. Florence's involvement and further demonstrates that mediation would not be productive as to him.

12. Plaintiff testified that his interactions regarding the subject injury were exclusively with nursing staff and nurse practitioners, and he identified no interaction whatsoever with Dr. Florence. (Ex. A at 101:13–17, 113:16–114:21.)

13. Plaintiff further testified that he does not know who reviewed his medical requests, who determined what providers he would see, or who made decisions regarding his care, and repeatedly acknowledged that he was "not sure" or was "guessing" as to those processes. (*Id.* at 17–21.)

14. Plaintiff admitted that he provided false information to medical staff regarding the mechanism of his injury, testifying that he told a nurse he had fallen off his bed when, in fact, he had been involved in a physical altercation, and acknowledging that this statement was not true. (*Id.* at 30:12–31:16.)

15. Plaintiff further testified that he was evaluated by medical staff, provided pain medication, and underwent x-ray imaging of his hand, and agreed that certain aspects of that care—including the ordering of x-rays and provision of pain medication—were appropriate. (*Id.* at 27:3–28:24, 35:16–38:1.)

16. Plaintiff also acknowledged that multiple x-rays were performed and consistently interpreted as showing no fracture, including review by a physician. (*Id.* at 32:23–33:6, 44:13–45:2.)

17. Ultimately, Plaintiff's claimed basis for liability is his disagreement with the course of treatment—namely, his belief that he should have been referred to a specialist—rather than any evidence that Dr. Florence knowingly disregarded a substantial risk of harm. Plaintiff further admitted that his understanding of Dr. Florence's role is limited to the review of an x-ray and offered only his own lay disagreement with the medical conclusions reflected in that review. (*Id.* at 37:9–38:5, 46:11–47:4, 101:13–17.)

18. Plaintiff further admitted that he has not retained any expert to review the x-rays at issue and has no expert opinion contradicting Dr. Florence's interpretation. (*Id.* at 137:1–8.)

19. Plaintiff further offered only speculative and conclusory assertions regarding Dr. Florence's alleged intent, testifying that he could only infer such intent based on his own interpretation of Dr. Florence's conduct, rather than any factual evidence. (*Id.* at 136:10–16.)

20. Plaintiff further acknowledged that if Dr. Florence's interpretation reflected his true belief, it would not constitute falsification. (*Id.* at 122:8–10.)

21. Dr. Florence is of the opinion that his interpretation of the August 20, 2021 x-ray was proper and within the applicable standard of care.

22. Dr. Florence has retained a board-certified diagnostic radiologist to review the films and records. That consultant-radiologist is likewise of the opinion that Dr. Florence's interpretation of the August 20, 2021 x-ray was within the standard of care.

23. Plaintiff's Eighth Amendment claim requires proof of deliberate indifference, a high standard requiring evidence that Dr. Florence knowingly disregarded a substantial risk of serious harm.

24. The undisputed record reflects that Dr. Florence reviewed the films, issued a written report, and had no subsequent role in Plaintiff's treatment.

25. Plaintiff's state law negligence claim likewise lacks evidentiary support in light of the uncontradicted expert opinion confirming that Dr. Florence's interpretation met the applicable standard of care.

26. In light of the foregoing, the developed factual record confirms that Dr. Florence's involvement was limited to interpretation of imaging, that Plaintiff has no factual basis to attribute any treatment decision or delay to him, and that Plaintiff's claims amount to a disagreement with medical judgment rather than deliberate indifference.

27. Under these circumstances, there is no realistic settlement value attributable to Dr. Florence, and mediation as to him would serve no productive purpose.

28. Moreover, any settlement payment made on behalf of Dr. Florence would be reportable to the National Practitioner Data Bank, whereupon a reportable payment would require disclosure by Dr. Florence to future employers and hospitals for credentialing and privileging purposes and may adversely affect his professional standing and future insurance premiums.

29. Because even a nominal settlement would carry significant professional consequences unrelated to the merits of the claims, Dr. Florence prefers to continue defending this case.

30. Under these circumstances, Dr. Florence respectfully requests that this Honorable Court excuse him from a mandatory mediation.

WHEREFORE, Defendant, NICHOLAS FLORENCE, M.D., respectfully requests that this Court find good cause and enter an Order excusing him from participation in the Mandatory Mediation Program, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
LITCHFIELD CAVO LLP

By: */s/ Zachary G. Stillman*
One of the Attorneys for Nicholas Florence, M.D.

James D. Sloan #6256682
Zachary G. Stillman #6342749
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6650 Phone
sloanj@litchfieldcavo.com
stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2026, I filed the foregoing document with the clerk of the U.S. District Court Southern District of Illinois ECF system. I also served this pleading via U.S. Mail to the address listed below.

_/s/ Zachary G. Stillman_

Keith Allen, M21830
Menard Correction Center
P.O. Box 1000
Menard, IL 62259