IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEITH ALLEN, M21830, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No:    23-cv-3775-DWD |
| ROB JEFFREYS, WEXFORD HEALTH SOURCES, INC., ANTHONY WILLIS, DeANNA KINK, ANGELA CRAIN, J. CRANE, ALISA DEARMOND, NICOLE BRAND, M. MOLDENHAUER, N. FLORENCE, N. YOUSUF, CLARA RICHMOND, KELLY PIERCE, NURSE REV A, NURSE SUZIE, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT NAVEED YOUSUF, M.D.'S RENEWED MOTION TO OPT OUT OF MANDATORY MEDIATION

NOW COMES DEFENDANT, NAVEED YOUSUF, M.D., by and through his attorneys, Livingston, Barger, Brandt & Schroeder, LLP, pursuant to this Court's Instructions in its January 28, 2026, Order, referring this Case to Mediation (ECF No. 123), and for his Renewed Motion to Opt Out of Mandatory Mediation, states as follows:

1.    On or around January 28, 2026, this Court entered its Mediation Referral Order referring this prisoner civil rights matter to a single mandatory mediation session and permitting any party to move to opt out within fourteen days upon a showing of "good cause" and must set forth specific and articulable reasons why mediation has no reasonable chance of being productive and identify when the case may be in a better posture to explore settlement. (ECF No. 123 at p. 2).

2.    On or around February 11, 2026, Dr. Yousuf timely filed his Motion to Opt Out of Mandatory Mediation (ECF No. 125), which was denied by the Court on February 13, 2026 (ECF No. 127). However, the Court denied the Motion without prejudice,

allowing Defendants to renew their respective motions should further discovery establish good cause to opt out of the mandatory mediation. (ECF No. 127).

3.    Plaintiff was also instructed by the Court to issue a demand to each Defendant prior to mediation. (ECF No. 127). Plaintiff had previously sent a demand to Defendant Dr. Yousuf in the amount of $10,000. (See Demand Letter dated September 9, 2025, attached hereto as Exhibit A). Plaintiff sent a second demand letter on March 8, 2026, in the amount of $250,000. (See Demand Letter dated March 8, 2026, attached hereto as Exhibit B).

4.    In the interim, Plaintiff's deposition was taken. (See Plaintiff's Deposition Transcript attached hereto as Exhibit C).

5.    Good cause now exists to excuse Dr. Yousuf from mandatory mediation because mediation at this juncture has no reasonable likelihood of being productive as to him, and Plaintiff is not attempting to negotiate in good faith.

6.    Plaintiff's claims against Dr. Yousef arise from his involvement as a radiologist who reviewed and interpreted an x-ray of Plaintiff's right hand, on or around September 2, 2021 and September 16, 2021.

7.    There is no evidence that Dr. Yousuf had any further involvement in Plaintiff's medical care, treatment decisions, follow-up, or grievance process.

8.    Plaintiff testified that he has never spoken to or met Dr. Yousuf. (See Exhibit C, pg. 96-97). Dr. Yousuf did not examine Plaintiff. *Id.* at pg. 97-98. Plaintiff confirmed that Dr. Yousuf's only involvement with Plaintiff's care and treatment was as a radiologist who reviewed and interpreted an x-ray of Plaintiff's right hand. *Id.*

Peter W. Brandt – #6185150
Margaret M. Rhoades - #6329502
Livingston, Barger, Brandt & Schroeder, LLP
115 W. Jefferson St., Suite 400
Bloomington, Illinois 61701
E-Mail: pbrandt@lbbs.com
E-Mail: rhoades@lbbs.com

2

9.      Mediation is set for April 16, 2026. Per the Court's Scheduling Order, discovery will be closed on May 18, 2026. (ECF No. 98).

10.      To succeed on his Eighth Amendment claim, Plaintiff must prove to a trier of fact, by a preponderance of the evidence, that Dr. Yousuf was deliberately indifferent to a serious medical need. *Farmer v. Brennan,* 511 U.S. 825 (1994).

11.      To survive summary judgment, Plaintiff must be able to offer at least *some* evidence that Dr. Yousuf was deliberately indifferent to a serious medical need. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

12.      Plaintiff cannot offer *any* evidence, and will never be able to offer any evidence, that Dr. Yousuf was deliberately indifferent to a serious medical need.

13.      To succeed on his medical negligence claim, Plaintiff must prove to a trier of fact, by a preponderance of the evidence, that Dr. Yousuf breached the standard of care and that breach caused damage. *See, Purtill v. Hess*, 111 Il.2d 229 (241 – 242) (1986); *Kwak v. St. Anthony DePadua Hospital,* 54 Ill.App.3d 719, 726 (1st Dist. 1977). Expert testimony is required to establish what a reasonably careful radiologist would do in the same or similar circumstances and whether the defendant physician did so. *Id.* Similarly, expert testimony is necessary to establish whether any alleged deviation from the standard of care proximately caused damage to the Plaintiff. *Id.*

Peter W. Brandt – #6185150
Margaret M. Rhoades - #6329502
Livingston, Barger, Brandt & Schroeder, LLP
115 W. Jefferson St., Suite 400
Bloomington, Illinois 61701
E-Mail:  pbrandt@lbbs.com
E-Mail:  rhoades@lbbs.com

3

14.    To survive summary judgment, Plaintiff must be able to offer at least *some* evidence that Dr. Yousuf breached the standard of care and caused damage. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

15.    Plaintiff testified that he has not retained an expert to review the at-issue care and treatment he received. (See Exhibit C, pg. 111). Plaintiff further testified that no medical provider told him that earlier diagnosis would have changed his prognosis. (See Exhibit C, pg. 101). Plaintiff's only offered evidence is his lay person opinions about what medical professionals should have done.

16.    Plaintiff cannot offer *any* evidence, and will never be able to offer any evidence, that Dr. Yousuf breached the standard of care and caused damage.

17.    In contrast, a defendant physician can opine to the applicable standard of care and can opine that his or her actions met the standard of care. *Johnson v. Matviuw,* 176 Ill.App.3d 907 (1st Dist. 1988). Dr. Yousuf is of the opinion that his interpretation of the September 2, 2021, and September 16, 2021, x-rays was within the applicable standard of care.

18.    In short, Plaintiff will never be able to succeed on his claims against Dr. Yousuf. Therefore, there is no realistic settlement value attributable to him. Even if Dr. Yousuf had been willing to entertain Plaintiff's nuisance demand from September 2025, Plaintiff's current demand demonstrates the futility of mediation with this Plaintiff.

Peter W. Brandt – #6185150
Margaret M. Rhoades - #6329502
Livingston, Barger, Brandt & Schroeder, LLP
115 W. Jefferson St., Suite 400
Bloomington, Illinois 61701
E-Mail:  pbrandt@lbbs.com
E-Mail:  rhoades@lbbs.com

19.    Additionally, any settlement payment made on behalf of Dr. Yousuf would be reportable to the National Practitioner Data Bank, whereupon a reportable payment would require disclosure by Dr. Yousuf to future employers and hospitals for credentialing and privileging purposes and may adversely affect his professional standing and future insurance premiums.

20.    Because even a nominal settlement would carry significant processional consequences unrelated to the merits of the claims, Dr. Yousuf prefers to continue defending this case.

21.    Under these circumstances, Dr. Yousuf respectfully requests that this Honorable Court excuse him from a mandatory mediation.

WHEREFORE, Defendant, Naveed Yousuf, M.D., respectfully requests that this Court find good cause and enter an Order excusing him from participation in the Mandatory Mediation Program and for such other and further relief as the Court deems just and proper.

NAVEED YOUSUF, M.D., Defendant,

By:    Livingston, Barger, Brandt
       & Schroeder, LLP

By:    */Margaret M. Rhoades*
       Margaret M. Rhoades

Peter W. Brandt – #6185150
Margaret M. Rhoades - #6329502
Livingston, Barger, Brandt & Schroeder, LLP
115 W. Jefferson St., Suite 400
Bloomington, Illinois 61701
E-Mail: pbrandt@lbbs.com
E-Mail: rhoades@lbbs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>April 9. 2026</u>, I filed the foregoing document with the clerk of the U.S. District Court Southern District of Illinois ECF system. I also served this pleading via U.S. Mail to the address listed below.

*s/ Margaret M. Rhoades*

Keith Allen, M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Peter W. Brandt – #6185150
Margaret M. Rhoades - #6329502
Livingston, Barger, Brandt & Schroeder, LLP
115 W. Jefferson St., Suite 400
Bloomington, Illinois 61701
E-Mail: pbrandt@lbbs.com
E-Mail: rhoades@lbbs.com

6