United States District Court for
The Southern District OF Illinois

Keith Allen-M21830
        Plaintiff,

V.

Wexford Health Sources, Inc., et al.
        Defendants.

Case Number: 23-cv-3775-DWD

Judge Name: David W. Dugan

"Motion For Appointment OF Expert Witnesses"

Plaintiff, Keith Allen-M21830, pursuant to Federal Rules of Evidence 706, requests this honorable court to appoint a neutral expert witness to assist the trier of fact and court in evaluating the various complexities of information in this case for the following reasons:

(1.) The plaintiff, Keith Allen-M21830, is unable to afford hiring an expert witness.

(2.) The issues in this case are complex, consisting of multiple Deliberate Indifference Claims against eight different defendants, Nurse Practitioners, Medical Doctor-Radiologists, a Medical Healthcare Service Provider Corporation, with four Medical Malpractice Claims, eight Intentional Infliction of Emotional Distress State Tort Claims, Inadequate Policy Claims against Wexford Health Sources, Inc.

(3.) This case involves facts which are complex and too technical for a trier of fact in Medical Misdiagnosis, the Reasonableness of Medical Personnel's Professional Judgment, Medical records being in sharp conflict produced by Medical Personnel - Nurse Practitioners - Jilian Crane, Alisa Dearmond, and Medical Doctor-Radiologists - Nicholas Florence and Naveed Yousuf, and Orthopaedic Hand Specialist - Glen Babich, requiring an Expert Witness to present and explain the proper standard of care, medical professionals failure to follow the standard of care or deviation resulting in injury to plaintiff, unnecessarily prolonging

(1.) of (5.)

exacerbating his injury, and lessening the effectiveness of the treatment he received, which will require an expert witness to help the jury interpret and understand the evidence that will be presented.

(4.) The need of an Expert Witness to help the court and jury understand if the medical professionals failed to adhere to the standard of care, since an expert will be necessary for the jury to understand medical evidence that's complex and conflicting in order to decide plaintiff's four medical malpractice claims that delves into the reasonable standards of medical care.

(5.) Plaintiff's case involves several different technical scientific x-ray film review findings conducted by multiple medical professionals, nurse practitioners - Jilian Crane and Alira Dearmond, Medical Doctor - Radiologists - Nicholas Florence, and Medical Doctors - Glen Babich (Orthopaedic Hand Specialist) and Steven Young, with the need to determine whether instances of medical misdiagnosis resulted from deliberate indiffence or negligence that is a question requiring exploration by either an Orthopaedic Hand Specialist or Medical Doctor - Radiologist Expert Witness.

(6.) Plaintiff's case involves four medical malpractice claims against two nurse practitioners and two Medical Doctor-Radiologists, which will require expert testimony to prove each of the three elements of a medical malpractice claim, with the proximate cause element must be established through expert testimony, to a reasonable degree of certainty, with expert testimony being necessary to help the jury determine if the defendant's negligence "more probably than not" caused the plaintiff's injury, and whether defendant's conduct "increased the risk of harm" to the plaintiff or "lessened the effectiveness" of the his injury.

(7.) Plaintiff has multiple deliberate indifference claims against eight different defendants whom plaintiff alleged contributed to delays, or denials that led to the —

(2.) of (5.)

unnecessary prolonging of his pain, the worsening of his injury, resulting in permane damage, which are so complicated that it'll require an expert witness to help aid the jury in ~~determining~~ determining if the delays or denials of adequate medical care according to the Orthopaedic Hand Specialist's diagnostic interpretation actually ex -acerbated plaintiff's injury or prolonged his pain.

8.) Plaintiff's case concerns multiple X-ray film misdiagnosis of his severe rig hand injury in the form of a broken hand that healed improperly over a nerve, and other bones, along with Carpal Tunnel Syndrome nerve damage, soft tissue swelling, Arthri -s joint pains, that will require expert testimony to help the jury understand the four X-ray film review diagnosis to help them interpret the evidence to determi if medical personnel intentionally misdiagnosed plaintiff's injury that lead to delays treatment that worsened his injury by acting against their professional judgment.

9.) Plaintiff's case consists of nurse practitioners, medical doctor-Radiologists, and Orthopaedic Hand Specialist's diagnosis, treatments, care provided, with claims of medical staff providing knowingly ineffective courses of treatment, failing to follow medical doctor recommendations, failing to refer plaintiff to specialist for eval despite exhibiting sympt -ms medical policies and treatment protocols that required plaintiff be referred to medica doctor for eval, the challenging of medical staffs' professional judgment, that will require an expert witness to render an opinion on the proper standards of diagnosis; care and treatment, and whether medical professionals judgment deviated from it resulting in injury.

10.) Plaintiff's defendants in his case consists of medical professionals who are considered experts in their areas of expertise who possess specialized knowledge in the medical field, which plaintiff is not, and is unqualified to offer expert based refutation to challenge the reasonableness of their care provided, their medical misdiagnosis, their lack of exercising professional judgment, that will require an expert witness to dispute an

3. of 5.

-explain to the jury and court to help "avoid a wholly one-sided presentation of opinions on the issues.

(11.) Plaintiff's case also involves a deliberate indifference to his serious medical needs and challenging Multiple of Wexford Health Sources, Inc.'s inadequate and unlawf -ul medical policies that was the motivating force that led to plaintiff experiencing various delays or denials of adequate medical treatment to cut costs, that goes against the standard of care in the medical community, which will require an expert witness to help the jury and court understand the standard of care, and whether Wexford Health Sources, Inc.'s medical policies inside their "Provider's Handbook" from June 8, 2012, deviates from it, resulting in plaintiff's worsening of his injury and unnecessarily prolonging his pain, and lessened the effectiveness of the treatment he received.

(12.) Plaintiff requests for the court to appoint an expert witness who specializes as an Orthopaedic Hand Specialist in hand injuries or Medical Doctor - Radiologist and a nurse practitioner to establish the applicable standard of care to which their conduct is measured, and to determine if they deviated from it, that resulted in worsening plaintiff -'s injury and unnecessarily prolonged his pain, with such medical professionals being knowledgeable in the Standards of care established by the National Commission of Corre -ctional Health Care (NCCHC) Standards. And to use the Medical Doctor's knowledge, skill, and expertise in the medical field and acquaintance with the NCCHC standards to offer his professional opinion on Wexford Health Sources, Inc.'s inadequate policies, procedures, and staffing, training relating to its agreement to deliver healthcare medical services to those detained at Menard Correctional Center was deficient and a substantial -l departure from the standards of care of an ordinarily careful healthcare institution, and their policies failure to comply with the NCCHC standards, that were the motivating force behind his delays or denials of access to adequate medical treatment

(4.) of (5.)

—that resulted in unnecessarily prolonging his pain, encouraging its medical staff to misdiagnose inmates injuries to prevent having to provide treatment, that worsened his injury, unnecessarily prolonged his pain, and lessened the effectiveness of the treatment he received, causing a 19 month delay from the day of sustaining his injury on 8/16/21 until receiving any form of adequate medical treatment in the form of having Carpal Tunnel Syndrome nerve damage surgery on 3/3/23.

Date: 4/ /26

Name And Address: Keith Allen-M21830

/s/ Keith Allen - M21830

Menard Correctional Center

P.O. Box 1000

Menard, IL. 62259

(Certificate Of Service)

Plaintiff certify that he mailed this Motion for Expert Witness to The United States District of Court of Southern District of Illinois, 750 Missouri Ave., East St. Louis, IL. 62201, on 4/8/26, via USPS to be sent to the Clerk of Court and to be filed and forwarded to all defendants lawyers of the record please.

Keith Allen —M21830

Menard C.C.

P.O. Box 1000

Menard, IL. 62259

/s/ Keith Allen —M21830
Date — 4/8/26

Keith Allen - M21830
Menard Correctional Center
P.O. Box 1000
Menard, IL. 62259

Legal Mail





CERTIFIED MAIL

9589 0710 5270 1701 5652 08

United States District Court
OF The Southern District OF Illinois
750 Missouri Ave.,
East St. Louis, IL. 62201

MAIL CLEARED
US MARSHALS

Legal Mail



RECEIVED

APR 13 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Legal Mail