**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KEITH ALLEN, #M21830, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-3775-DWD |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NICHOLAS FLORENCE, M.D.'S**
**MOTION FOR SUMMARY JUDGMENT**

This Defendant, NICHOLAS FLORENCE, M.D., by and through his attorneys, FREEMAN MATHIS & GARY LLP, respectfully moves this Honorable Court to enter summary judgment in his favor and against the Plaintiff pursuant to Federal Rule of Civil Procedure 56. As set forth in the accompanying Brief in Support of Defendant Nicholas Florence, M.D.'s Motion for Summary Judgment, Plaintiff KEITH ALLEN, #M21830, has failed to present sufficient evidence in support of his claims against Dr. Florence. Specifically, the record is devoid of facts upon which Plaintiff could prevail on his claims against Dr. Florence for Eighth Amendment deliberate indifference (Count 1); state law medical negligence (Count 4); or state law intentional infliction of emotional distress (Count 5).

Dr. Florence is a radiologist, and Plaintiff has attempted to being those claims based on Dr. Florence's August 26, 2021 interpretation of three x-rays of the Plaintiff's right hand. For the aforementioned reasons, and as further explained in the accompanying Brief, Dr. Florence respectfully requests that this Honorable Court enter summary judgment in his favor and against

Plaintiff, and dismiss all counts against him with prejudice.

Respectfully submitted,

FREEMAN MATHIS & GARY LLP

By: */s/ James D. Sloan*_____
Attorney for Nicholas Florence, M.D.


James D. Sloan (#6256682)
FREEMAN MATHIS & GARY, LLP
33 N. Dearborn St., Suite 1400
Chicago, Illinois 60602
Tel: (773) 669-9758
James.Sloan@FMGLaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KEITH ALLEN, #M21830, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-3775-DWD |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NICHOLAS FLORENCE, M.D.'S**
**BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

This Defendant, NICHOLAS FLORENCE, M.D., by and through his attorneys, FREEMAN MATHIS & GARY LLP, and for his Federal Rule of Civil Procedure 56 Motion for Summary Judgment as to Counts 1, 4, and 5 of Plaintiff, KEITH ALLEN, M21830's, Complaint at Law, states as follows:

**INTRODUCTION**

Keith Allen was involved in an altercation with another inmate at Menard Correctional Center in August 2021 and allegedly injured his right hand. X-rays of his right hand were taken, and Dr. Nicholas Florence interpreted those x-rays and found no evidence of any fractured bones. Within the next four weeks, two other sets of x-rays of Plaintiff's right hand would be taken, and the interpreting radiologist, co-defendant Dr. Naveed Yousef, likewise would find no evidence of any fractures.

Dr. Florence's only involvement in Mr. Allen's medical care was his interpretation of the one set of hand x-rays, and attached to this motion is Dr. Florence's affidavit in which he opines that his interpretation of the x-rays complied with the standard of care. That opinion is uncontroverted.

3 of 14

Plaintiff now alleges that Dr. Florence misinterpreted the x-rays and failed to line up specialist care. Mr. Allen claims that Dr. Florence is liable to him under theories of Eighth Amendment deliberate indifference (Count 1); state law medical negligence (Count 4); and state law intentional infliction of emotional distress (Count 5). There nevertheless is no evidence to support any of those claims.

First, Dr. Florence did not refuse to treat Mr. Allen or intentionally ignore findings of a fracture on the x-rays. Second, Plaintiff has failed to produce expert evidence supporting the breach and causation elements of his medical negligence claims.  Under Illinois law, Plaintiff needed to adduce evidence from a qualified physician that (1) Dr. Florence's interpretation of the hand x-rays deviated from the standard of care, and (2) Dr. Florence's interpretation of the x-rays caused Plaintiff injury. Plaintiff has failed to do so. Third, Plaintiff has presented no admissible evidence showing that Dr. Florence's conduct in reviewing the x-ray films was extreme or outrageous, or that Dr. Florence intended to inflict severe emotional distress.

Plaintiff has failed to substantiate any of his claims against Dr. Florence. Accordingly, the entry of summary judgment in favor of Dr. Florence and against Plaintiff on Counts 1, 4, and 5 of Plaintiff's Complaint is indicated.

## STATEMENT OF UNDISPUTED FACTS

### A.  Plaintiff's Allegations

Plaintiff Keith Allen, an inmate at Menard Correctional Center, filed his Complaint on November 22, 2023. Plaintiff's Complaint, **Exhibit A**. His allegations pertain to medical treatment provided to him after he allegedly injured his right hand on August 16, 2021, defending himself in a fight with another inmate. *Id.* at ¶ 16.

According to his complaint, the following day, August 17, 2021, Plaintiff requested a sick

call and was examined by nurse practitioner Jilian Crane. *Id.* at ¶ 18. At that time, Plaintiff believed his hand was broken, that he needed to be provided with pain medication and that he may need surgery. *Id.* Crane provided Plaintiff with an ice pack and ibuprofen and scheduled a follow-up visit. *Id.*

Plaintiff returned for his follow-up visit with Crane on August 20, 2021, and made the same complaints. *Id.* at 20. Crane and a registered nurse, Alisa Dearmond, took x-rays of Plaintiff's hand and determined that the x-ray did not show any fractures or broken bones. *Id. See also* X-rays and Reports, **Exhibit B**. To verify her finding, Crane forwarded Plaintiff's x-rays to Dr. Florence, a diagnostic radiologist, for his review. *Id.;* at ¶ 21.

### B. Dr. Nicholas Florence

Dr. Florence is board certified in diagnostic radiology. Dr. Nicholas Florence's *Curriculum Vitae*, **Exhibit C**. Dr. Florence obtained his medical degree from the Medical College of Wisconsin in 2015 and, in 2020, completed a four-year residency in diagnostic radiology with the University of Chicago Medicine. *Id.* He subsequently completed a one-year Musculoskeletal Imaging Fellowship at NorthShore University Health System (the University of Chicago Medicine) in Evanston. *Id.* Following his training, Dr. Florence worked as a radiologist at Bloomington Radiology from 2021 to 2023. *Id.* He subsequently accepted a position as an attending diagnostic radiologist at Carle BroMenn Medical Center, where he currently works. *Id.*

### C. Dr. Florence's Interpretation of Plaintiff's August 20, 2021 Hand X-Rays

Menard Correctional Center is in Menard, Illinois; Bloomington Radiology is in Normal, Illinois. Staff at Menard Correctional Center sent by mail or priority mail the x-ray films to Bloomington Radiology, and Dr. Florence reviewed and evaluated those x-rays on a light box on August 26, 2021.  *See* Affidavit of Nicholas Florence, M.D., **Exhibit D, ¶ 13-15**. He then prepared

the report of his findings, and this was Dr. Florence's only involvement in the claims giving rise

to Plaintiff's lawsuit. *See id.*

Dr. Florence summarized his findings as follows:

FINDINGS: No evidence off acute fracture or malalignment. Normal joint spaces
and mineralization is preserved. The soft tissues are unremarkable.

IMPRESSION: Unremarkable radiographs of the right hand.

Exh. B, Exh. D, ¶ 16. The report and the x-rays subsequently were sent to the correctional center.

*Id.* at ¶ 13(e-f).

Dr. Florence states in his affidavit, attached hereto, that, "to a reasonable degree of medical

certainty, [his] interpretation of the right hand x-rays, as summarized in [his] report dated August

26, 2021, complied with the standard of care applicable to diagnostic radiologist in the State of

Illinois." Exh. D, ¶ 17. He bases his opinion on his education, training, and experience working as

a diagnostic radiologist. *Id.*

### D. Subsequent Medical Treatment Provided to Plaintiff

When Plaintiff returned for a sick call visit at the correctional center on August 31, 2021,

Crane told Plaintiff about Dr. Florence's findings, and Mr. Allen continued to complain of pain.

Exh. A at ¶ 24. Repeat hand x-rays were taken and sent to Bloomington Radiology and read by

radiologist Dr. Naveed Yousef on September 2, 2021. Exh. B. Dr. Yousef's report reads in

pertinent part as follows:

FINDINGS:
Three views of the right hand are submitted. The joint spaces are intact. No fracture,
destructive or erosive abnormality. The soft tissues are unremarkable. If symptoms
persist or progress, a follow-up study may be considered. *Id.*

The process repeated itself twelve days later, with Dr. Yousef interpreting repeat x-rays of

the right hand on September 16, 2021 and reporting in pertinent part:

FINDINGS:
Mild degenerative changes are seen, but no acute bony fracture or dislocation is noted on this initial study. There is mild soft tissue swelling of the thenar and hypothenar eminences. If symptoms persist or progress a follow up study may be considered. *Id.*

Plaintiff filed several more grievances with Menard Correctional Center personnel (*see generally* Exh. A), ultimately including a grievance requesting carpal tunnel surgery. Deposition Transcript of Plaintiff Keith Allen, **Exhibit E**, p. 149:12-16. Plaintiff testified that an orthopedic surgeon, Dr. David Mason, diagnosed him with carpal tunnel syndrome in September 2022 and performed surgery for the carpal tunnel syndrome on March 3, 2023. *Id.* at pp. 68:18-23, 76:16-18.

### E.  Relevant Testimony of Keith Allen

Plaintiff is not a diagnostic radiologist. He testified as follows:

Q. You've never done any kind of radiology training?
**A. No.**
Q. Do you know what radiology is?
**A. I'm not sure.**
Q. Have you ever been trained to read X-rays?
**A. No.**
Q. Have you ever taken a course on interpreting hand radiographs or X-rays?
**A. No.**
Q. Have you ever diagnosed any fractures from any X-ray imaging on another person?
**A. No.**
Q. Do you have any knowledge of the criteria that radiologist[s] would use to determine whether a fracture is determined in an X-ray imaging study?
**A. No.**
Q. Do you know the differences between an acute fracture and an old fracture on radiographic imaging?
**A. No.**

Exh. E., p. 104:6-24, p. 105:1-2. No physician ever told Mr. Allen that Dr. Florence misread his x-rays taken on August 20. *Id.* at p. 107:13-16, p. 108:3-15.

### F.  Counts Pending Against Dr. Florence

Plaintiff's surviving claims against Dr. Florence are claims for Eighth Amendment deliberate indifference (Count 1), state law medical negligence (Count 4) and state law intentional infliction of emotional distress (Count 5) related to the latter's August 26, 2021 interpretation of three x-ray films. January 26, 2024 Merit Review Order, **Exhibit F**.

## STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment to a defendant where the defendant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A defendant may file an affidavit to support a motion for summary judgment where it is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is content to testify on the matters stated. FED. R. CIV. P. 56(c)(4). A defendant's summary judgment motion should be granted when the material facts of record, taken in the light most favorable to the plaintiff, show that the defendant is entitled to judgment as a matter of law. *Miller v. Chi. Transit Auth.*, 20 F. 4th 1148, 1155 (7th Cir. 2021).

Here, Dr. Florence "is entitled to summary judgment if [Plaintiff] cannot present sufficient evidence to create a dispute of material fact regarding any essential element of [his] legal claims on which [he] bears the burden of proof." *See Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F. 3d 690, 694 (7th Cir. 2017).

## ARGUMENT

Plaintiff, bearing the burden of proof to support his claims, has not presented sufficient evidence to create any dispute of material fact regarding any essential element of his claims against Dr. Florence. Indeed, Plaintiff, a lay witness, may not offer testimony pertaining to any medical diagnosis, and Plaintiff has offered no expert testimony supporting the "breach" or "causation" elements of his medical negligence claim. Nor has Plaintiff adduced evidence that Dr. Florence

acted with "deliberate indifference" toward him or intended to inflict severe emotional distress. It follows that Dr. Florence is entitled to the entry of summary judgment in his favor on Counts 1, 4, and 5 of Plaintiff's Complaint.

### I. Claiming Dr. Florence's Conduct Amounted to Deliberate Indifference Is Antithetical to What Is Proscribed by the Eighth Amendment.

The record is devoid of any facts supporting a basis for Count 1 of the Complaint, Plaintiff's claim of Eighth Amendment deliberate indifference. To prevail on an Eighth Amendment claim for inadequate medical care, "a prisoner must show that a prison official acted with deliberate indifference to the prisoner's objectively serious medical need." *Dean v. Wexford Health Sources, Inc.*, 18 F. 4th 214, 234-35 (7th Cir. 2021). A successful Eighth Amendment claim requires that the alleged deliberate indifference must amount to the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

As such, to prevail on his deliberate indifference claim against Dr. Florence, Plaintiff must prove that "(1) [he] suffered an objectively serious medical condition; (2) [Dr. Florence] knew of the condition and was deliberately indifferent to treating [Plaintiff]; and (3) this deliberate indifference injured [Plaintiff]." *Stockton v. Milwaukee Cnty.*, 44 F. 4th 605, 614 (7th Cir. 2022). The Seventh Circuit emphasizes that "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Id.* at 615 (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F. 3d 451, 458 (7th Cir. 2022)).

Plaintiff in no way meets the burden of establishing a deliberate indifference claim. The evidence certainly does not show that Dr. Florence either refused to treat Plaintiff or intentionally ignored findings of a fracture on the x-rays. In fact, even Mr. Allen conceded that nobody – particularly no qualified physician – has ever told him that Dr. Florence misrepresented a finding

on the x-rays, as the following questions and answers from Plaintiff's deposition show:

> Q. And has any doctor ever told you that Dr. Florence misread any of your X-rays from August 20th?
> **A. Nobody has ever told me that, no.**
> Q. And no one has ever told you that Dr. Florence intentionally misrepresented any of the findings from that August 20th, X-ray, correct?
> **A. No.**

Exh. E., p. 107:13-16, p. 108:3-15.

The Eighth Amendment claim against Dr. Florence is dubious at best. Significantly, (1) there is no evidence in the record showing the August 20, 2021 x-rays show any fracture, meaning there is no evidence in the record showing Plaintiff suffered an objectively serious medical condition; (2) there is no evidence in the record showing Dr. Florence knew of the alleged acute fracture (since Dr. Florence did not diagnose one); and (3) there is no evidence in the record showing Dr. Florence caused injury to Plaintiff. Dr. Florence reviewed Plaintiff's x-ray films in a manner consistent with his medical training and experience and found no acute fracture. Exh. B; Exh. D. Moreover, when Dr. Yousef reviewed two sets of right hand x-rays taken within the next four weeks, he likewise found no acute fractures. Exh. B.

Considering there exists no evidence of any acute fracture or malalignment on the August 20 x-rays, as well as the fact that establishing a deliberate indifference claim poses a "high hurdle and exacting standard" (*Stockton*, 44 F. 4th at 614 (quoting *Donald*, 982 F. 3d at 458)), Dr. Florence is entitled to summary judgment on Count 1 of Plaintiff's Complaint.

### II.       Plaintiff Has Failed to Present Sufficient Evidence To Support His Medical Negligence Claim.

To prevail on a medical malpractice claim, a plaintiff must establish (1) the applicable standard of care; (2) a deviation from that standard; and (3) an injury proximately caused by the deviation. *Purtill v. Hess*, 489 N.E. 2d 867, 872 (Ill. 1986).

To satisfy those essential elements, a plaintiff must present expert testimony from a qualified medical professional establishing (1) that the defendant deviated from the applicable standard of care and (2) that the deviation proximately caused the plaintiff's injury, unless the alleged negligence is readily apparent to a layperson. *Id.* ("Unless the physician's negligence is so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson, expert medical testimony is required to establish the standard of care and the defendant physician's deviation from that standard."). *See also Snelson v. Kamm*, 787 N.E. 2d 796, 819 (Ill. 2003) ("[E]xcept in very simple cases, expert testimony is necessary in professional negligence cases to establish the standard of care and that its breach was the proximate cause of the plaintiff's injury.").

Expert medical testimony is required concerning medical matters, such as the medical diagnosis and prognosis of a patient—including Plaintiff here—unless the condition is so obvious that a jury could readily understand the medical testimony and that it would not be aided by expert testimony. *See Walski v. Tiesenga*, 381 N.E. 2d 279, 283 (Ill. 1978).

The only qualified witness who has offered an opinion as to the interpretation of the August 20 x-rays is Dr. Florence, a board certified and fellowship-trained radiologist, who states in his sworn affidavit that his interpretation complied with the standard of care. Exh. D, ¶ 17.  No expert evidence to the contrary has been presented, and certainly Mr. Allen is not qualified to offer such a medical opinion.

Though it was his burden, Plaintiff has not adduced evidence from a qualified physician (*i.e.*, a radiologist) that (1) Dr. Florence's interpretation of the hand x-rays deviated from the standard of care, or (2) that Dr. Florence's interpretation of the x-rays caused Plaintiff injury. The failure to present expert evidence of either element would be an independent basis for the entry of

summary judgment in Dr. Florence's favor, and Plaintiff has failed to present evidence supporting either element – breach or causation.

Because Plaintiff failed to present such expert testimony or evidence, there exists no issue of material fact disputing Dr. Florence's appropriate interpretation of the x-rays, and the entry of summary judgment in Dr. Florence's favor is warranted as to Count 4.

### III.    No Evidence Exists Showing Dr. Florence Acted in an Extreme or Outrageous Way or Otherwise Harmed Plaintiff.

Not only has Plaintiff failed to develop facts in support of his intentional infliction of emotional distress claim, but Plaintiff has not developed any admissible facts pertaining to Dr. Florence's conduct in any regard. To prevail on Count 5 against Dr. Florence, Plaintiff needed to established "(1) [Dr. Florence] engaged in 'extreme and outrageous conduct' toward [Plaintiff]; (2) [Dr. Florence] intended or recklessly disregarded the probability that the conduct would cause [Plaintiff] to suffer emotional distress; (3) [Plaintiff] endured 'severe [and] extreme' emotional distress; and (4) [Dr. Florence's] conduct actually and proximately caused [Plaintiff's] distress." *Duffy v. Orlan Brook Condo. Owners' Ass'n*, 2012 IL App (1st) 113577, ¶ 36 (quoting *Ulm v. Mem'l Med. Ctr.*, 2012 IL App (4th) 110421, ¶ 39). Conduct is only extreme and outrageous where it goes "beyond all possible bounds of decency, and [is] regarded as intolerable in a civilized community." *Kolegas v. Heftel Broadcasting Corp.*, 607 N.E. 2d 201, 211 (Ill. 1992) (citing RESTATEMENT (SECOND) OF TORTS, § 46, cmt. d, at 73 (1965)).

Plaintiff has not met the burden of adducing sufficient evidence of intentional infliction of emotional distress under Illinois law. Again, the only involvement Dr. Florence had in this matter was his August 26, 2021 interpretation of three x-rays of Plaintiff's right hand taken on August 20, 2021. *See* Exh. A; Exh. B; Exh. D. Plaintiff did not depose Dr. Florence, never spoke or communicate with him, and never even met him. Exh. E, pp. 113:17-24, 114:1-21. Interpreting the

x-rays did not require Dr. Florence to meet or speak with Plaintiff. *Id*. at p. 132:10-13 ("[Dr. Florence] never came to Menard and took an X-ray of my hand in person . . . he just reviewed the 8/20/21 X-ray film, that's it.").

Indeed, Plaintiff has garnered no evidence of Dr. Florence's intentions one way or the other. The record is thus barren of (1) any extreme or outrageous conduct by Dr. Florence; (2) any intentional disregard of the possibility Plaintiff would suffer emotional distress by Dr. Florence; or (3)-(4) any severe and extreme emotional distress caused by Dr. Florence. With no evidence of *any* conduct by Dr. Florence beyond his interpretation of one set of x-rays, this Court should enter summary judgment in Dr. Florence's favor as to Count 5 of Plaintiff's Complaint.

## CONCLUSION

Plaintiff bears the burden of proving his claims against Dr. Florence. However, Plaintiff has not presented any evidence supporting his purported claims of deliberate indifference, medical negligence, or intentional infliction of emotional distress, and Dr. Florence accordingly is entitled to the entry of summary judgment in his favor.

WHEREFORE, for the foregoing reasons, this Defendant, NICHOLAS FLORENCE, M.D., respectfully requests that this Honorable Court enter summary judgment in his favor and against Plaintiff as to Counts 1, 4, and 5 of Plaintiff's Complaint at Law, pursuant to Federal Rule of Civil Procedure 56, and for any further relief this Court deems fair and equitable.

Respectfully submitted,

FREEMAN MATHIS & GARY LLP

By: */s/ James D. Sloan*_____
Attorney for **Nicholas Florence, M.D.**

James D. Sloan (#6256682)
FREEMAN MATHIS & GARY, LLP
33 N. Dearborn St., Suite 1400
Chicago, Illinois 60602
Tel: (773) 669-9758
James.Sloan@FMGLaw.com