In The United States District Court
For The Southern District OF ILLINOIS

Keith Allen - M21830
      Plaintiff,

v.

Wexford Health Sources, Inc.,
      Defendants.

Case No. 23-cv-3775-DWD

Honorable David W. Dugan

"Plaintiff's Motion In Response To Naveed Yousuf's - Response To Plaintiff's Motion For Extention OF Time For Discovery"

    Now comes Plaintiff, Keith Allen - M21830, pro se, and for his response to Defendant, Naveed Yousuf's - Response to Plaintiff's Motion For Extention OF Time For Discovery states as follows:

1.) Plaintiff's cause of action was filed on November 22, 2023. (Doc. #1). The parties were ordered to make initial disclosures on or before May 16, 2024. (Doc. #51).

2.) Thereafter, this court entered a scheduling Order on or around July 17, 2025. (Doc. #98). The Scheduling Order mandated that all discovery would be completed by May 18, 2026. The Order Specifically noted that the Court, "... encourages the parties to conduct discovery in a timely manner."

3.) On or around May 7, 2026, Plaintiff filed his motion for Extention of Time For Discovery, eleborating that he had sent out a number of subpoenas that had required correction and had not received a response from the subpoenaed entities. (Doc. #144). Additionally, Plaintiff argues an extention of discovery is necessary because he has not obtained an expert to review his medical records and there has been no ruling on his Motion For Appointment of an Expert, filed April 13, 2026. (Doc. #138).

4.) Plaintiff has only received the subpoenaed documents from IDOC-Menard Correctional Center, out of the four different third party entities he's sent subpoenas to, an -

Page ① of ⑤.

- approximately May 11, 2026, due to his pro-se status, where he's still waiting to receive the subpoenaed documents requested from non-party entities, and him having a lawyer could have helped him timely obtain the necessary evidence to prove his claims, yet his three motions seeking appointment of counsel have been denied; And plaintiff requests the courts help in getting the remaining three subpoena-ed entities to provide the requested documentations for them not adhering to the courts 14 day deadline upon receipt to respond to the submitted subpoenas by plaintiff. (Doc. #144)(Doc. #113).

5.) Plaintiff, still haven't received a response or ruling on his "motion to Comp-el Discovery", nor his "Motion For Appointment of Expert Witness", which is nece-ssary to help the court understand the complex issues and evidence surrounding his claims against defendants, nor have his "Motion For Extention OF Discovery" been ruled on, all of which relates to plaintiff's Discovery in seeking to obtain the necessary evidence to prove his claims, and adequately be able to respond to a Summary Judgment Motion, or prove his case at trial. (Doc. #143)(Doc. #138)(Doc. #144).

6.) Plaintiff was transferred on a court writ to Dupage County Jail in a Seperate matter related to his criminal case on a postconviction appeal on 4/15/25 where he was held there until 8/10/25, during which time the court's July 7, 2026 Discovery Order was initiated and plaintiff didn't have access to none of his civil case legal documents needed to conduct any discovery matters. (Doc. #85). Then plain-tiff wasn't transferred back to Menard Correctional Center until 8/10/25, where he was placed in segregation inside a suicide watch cell and denied all his personal property including legal documents preventing him from conducting or initiating my discove-ry matters or research as to his civil case in retaliation for the current lawsuit. (Doc. #85). Next, upon getting released from segregation on approximately 9/10/25 he was-

page (2.) of (5.)

—denied his legal documents because they were placed in personal property's excess property legal exchange storage that further prevented him from conducting any discovery or responding to Nicholas Florence's Discovery requests for several months after they were served on him that caused him to miss out on approximately 3 to 4 months from July 7, 2025 to approximately October of 2026 of time to pursue discovery deducted from the time allotted for him to conduct discovery ordered by the court, which is another reason why plaintiff is requesting an extention of Discovery for 60 to 90 days. (Doc. #85).

7.) Plaintiff, also requests that the court grant him an extention of the number of Interrogatories he could send defendants from "15" interrogatories to 25 interrogatories as allowed under Federal Rules of Civil Procedure Rule 33, and an extention of the total amount of Admissions from "10" Admissions to "200" total admissions per defendant since plaintiff is pro'se and would require more Admissions to get the necessary evidence to support his claims, in addition to the Federal Rules of Civil Procedure Rule 36 having no limit to the number of Admissions parties could ask. (Doc. #145).

8.) Also, defendant-Nicholas Florence, has filed a "Motion For Summary Judgment" with the court on 6/12/26 (Doc. #1), which should be postponed with Plaintiff not having to respond to it until the court has resolved plaintiff's discovery issues that are currently still under review by this honorable court, especially since it would prejudice plaintiff to have to respond to a summary Judgment motion without first obtaining his subpoena for documents from third party entities in support of his claims, receiving no ruling on his "Motion for appointment of an Expert Witness", nor his "Motion to Compel Discovery" for documents in support of his claims, and the lack of response to his requested Admissions and interrogatories from Nicholas Florence, Naveed Yousuf, or Jilian Crane plaintiff sent to them, nor have he received a ruling on his motion for extention of time for discovery filed by the pro'se plaintiff. (Doc. #143)(Doc. #138)(Doc. #144).

page (3) of (5)

9.) Plaintiff has provided several good causes why the discovery deadline should be extended for an additional 60 to 90 days granting his "Motion For Extention of Discovery" and in this current Motion, and plaintiff would be unfairly prejudiced if he's denied an extention and then forced to have to respond to defendant-Nicholus Florece Summary Judgment Motion with first resolving plaintiff's discovery issues, the appointment of an Expert Witness, nor the appointment of Counsel, therefore plaintiff's motion should be granted. (Doc. #154)(Doc. #85)(Doc. #143)(Doc. #138)(Doc. #144).

   Wherefore, plaintiff, Keith Allen-M21830, respectfully requests this court to grant his motion for an Extention of time for Discovery and for such other and further relief as the Court deems just and proper.

                                         Respectfully Requested,

Date: 6/16/26      Submitted By: Keith Allen
                   Pro Se Plaintiff's Signature

                   Keith Allen-M21830
                   Menard Correctional Center
                   P.O. Box 1000
                   Menard, IL. 62259

"Certificate of Service"

   I, plaintiff, Keith Allen-M21830, certify that I placed the following "Motion: 'Plaintiff's Motion In Response To Naveed Yousuf's-Response To Plaintiff's Motion For Extention OF Time For Discovery", consisting of "   5   " pages in Menard Correctional Center's Institututional Mail on June 16, 2026 to be sent to the Clerk of the Court for the United States District Court of the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, IL. 62201, to be filed with the court and please can you forward it to all defendant's counsel of the record.

   Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrament are true and correct; except as to matters therein stated to be on information and belief and as aforesaid that he verily believes the same to be true.

                         Page (4) of (5).

Keith Allen B43838
Menard Correctional Center
P.O. Box 1000
Menard, IL. 62259

Legal Mail



US POSTAGE PITNEY BOWES
CORRECTION
ZIP 62259 $ 006.04⁰
02 7W
0008037385 JUN 17 2026

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 2262 4038 17

Clerk of The Court
The United States District Court
For The Southern District Of Illinois
750 Missouri Avenue
East St. Louis, IL. 62201

Legal Mail

6220182954 C002

SAINT LOUIS MO 630

18 JUN 2026 PM 9 L

Legal Mail

MAIL CLEARED
US MARSHALS

THIS CORRESPONDENCE IS FROM
AN INDIVIDUAL IN CUSTODY OF
THE ILLINOIS DEPARTMENT
OF CORRECTIONS

SOUTHERN DISTRICT OF ILLINOIS
DISTRICT COURT
EAST ST LOUIS OFFICE

RECEIVED
JUN 2 2026

Legal Mail